### GRAFTON *v.* UNION FERRY CO.

(*City Court of Brooklyn, Special Term.* April 10, 1891.)

1. PRACTICE—APPEARANCE BY ATTORNEY.
   In an action against a corporation, plaintiff, after expiration of its charter, moved to continue the action against the directors who were in office at the time of the expiration, but notice of the motion was served on two only of the directors. Defendant's attorneys appeared, and consented to an adjournment. *Held*, that there was an appearance for all the purposes of the motion.

2. DISSOLUTION OF CORPORATIONS—ABATEMENT OF ACTION IN TORT.
   Plaintiff, in a pending action against a corporation for personal injuries, is not a creditor, within the meaning of the Revised Laws of New York, providing that, upon dissolution of a corporation, the directors shall be trustees for the creditors, with power to settle the affairs of the corporation; and such action, on expiration of the charter of the corporation, cannot be continued against the directors.

Action by H. N. Grafton against the Union Ferry Company to recover for personal injuries.

*Backus & Manne,* for plaintiff. *Lowrey, Stone & Auerbach,* for defendant.

CLEMENT, C. J. This action was brought to recover damages for a personal injury to the plaintiff by reason of the negligence of the employes of the defendant, and was commenced on March 27, 1890. The charter of the defendant expired on November 9, 1890, and plaintiff moves to continue the action against the directors who were in office at that time. The notice of motion was served upon two of the directors only, but I hold that the attorneys, by their consent to adjourn, appeared for all the purposes of the motion. At common law, on the dissolution of a corporation, its real property reverted to the original owners, its personal property went to the government, and all debts due to and from the corporation were canceled. *Owen* v. *Smith,* 31 Barb. 641, and authorities there cited. This rule of the common law was never adopted in this country, and while, without any statute, an action at law would not lie by a creditor against a defunct corporation, yet a court of chancery would enable a creditor to follow the assets and collect the claim. *Bacon* v. *Robertson,* 18 How. 480. By the Revised Laws of this state, it was pro-

vided that, upon the dissolution of a corporation, the directors should be the trustees of the creditors and stockholders, with full power to settle the affairs of the corporation, collect and pay debts, and divide among the stockholders the remainder after the payment of debts and necessary expenses. This law was re-enacted in the Revised Statutes, and the directors of the defendant have, since the expiration of the charter, been acting as trustees. By section 4, c. 295, Laws 1832, it was provided that the court in which any suit was pending against a corporation, which should have been dissolved by the expiration of its charter, should have power to continue the action until final judgment. Judge RAPALLO held in *McCulloch* v. *Norwood*, 58 N. Y. 562, 568, that, under this statute, the new representatives should be substituted by name; and also said that, "unless such an order be made, there is nothing in our statutes interfering with the common-law rule that the dissolution of the corporation puts an end to the action, and that all subsequent proceedings are void." The law of 1832 was in force until 1880, when it was repealed, (chapter 245, Laws 1880,) and section 4 has not been re-enacted, (see table, p. 35, 4 Rev. St., Banks, 7th Ed.) There is therefore no statute in force in this state for the continuance of this action, unless the directors are to be treated as trustees for the plaintiff. An action abates when no statute exists for its continuance. *Greeley* v. *Smith*, 3 Story, 657; *Bank* v. *Colby*, 21 Wall. 609. Therefore the only question on this motion is whether or not the plaintiff is a creditor of the defendant, within the meaning of the statute before referred to, as to the powers of the directors in office at the date of the expiration of the charter. I have examined the definitions of the word "creditor," and can find no definition and no authority that a party who has an action pending for injuries to the person can be considered as such. The contrary was held in 1795 in *Stanly* v. *Ogden*, 2 Root, 259, 262, 265. The meaning of the word is defined in *Insurance Co.* v. *Meeker*, 37 N. J. Law, 282, 300, and in *Frazer* v. *Tunis*, 1 Bin. 254, and in the various law dictionaries. While it is a hardship to the plaintiff to hold that the action cannot be continued, it is also a similar hardship to the plaintiff who sues an individual for personal injuries when such individual dies pending the action. It was probably an oversight on the part of the legislature that section 4 of the law of 1832 was not re-enacted in the Code. Even if such was the fact, the courts have no power to administer the law except as it is. The law of 1832 was in force 48 years, and, according to the theory of the plaintiff, was entirely unnecessary; for I am asked to construe a prior law of the duty of the directors towards creditors and stockholders in such a way that all parties having claims on contracts or suits in tort had their remedy against the directors of a corporation whose charter had expired without reference to such law of 1832. Motion to continue denied, without costs.