## GRAFTON *v.* UNION FERRY CO. OF BROOKLYN.

*(City Court of Brooklyn, General Term.* June ·27, 1892.)

**1. CORPORATIONS—ACTIONS FOR TORT—ABATEMENT BY DISSOLUTION.**

A person having a claim against a corporation for damages resulting from personal injuries is not a creditor of the corporation, within 3 Rev. St. (8th Ed.) p. 1724, §§ 9, 10, providing that on the dissolution of a corporation the directors shall be trustees for the creditors and stockholders, with full power to settle the affairs of the corporation; and an action for such damages abates by the dissolution of the corporation, and is incapable of continuance. 13 N. Y. Supp. 878, affirmed. *Hepworth* v. *Ferry Co.*, (Sup.) 16 N. Y. Supp. 692, disapproved.

**2. SAME—PLEADING.**

The contention that defendant's relation to plaintiff was that of debtor, because of its contract as a common carrier to carry him safely, could not be maintained, in the absence of an allegation of such relation in the complaint, which alleged a tort ·and claimed damages only.

Appeal from special term.

Action by John Grafton·against the Union Ferry Company of Brooklyn. Defendant company was dissolved pending the action; and from an order denying a motion to continue the action against its directors as trustees, plaintiff appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

*Backus & Manne,* for appellant.     *F. A. Ward,* for respondent.

OSBORNE, J. In March, 1890, plaintiff brought this action to recover damages for injuries alleged to have been sustained by him, through the negligence of defendant's servants, while a passenger on one of defendant's ferries. The answer of the defendant denied the allegations of the complaint, alleged that plaintiff was a trespasser, and that any injuries he sustained were caused by his own negligence. The defendant was originally organized on November 9, 1854, under the provisions of chapter 135 of the Laws of 1853, for a period of 18 years. Chapter 937 of the Laws of 1867 provided that any corporation theretofore formed might extend its term of existence for a·period not exceeding the term for which such corporation was organized in the first instance. Under the provisions of this act, the defendant extended its term of existence for a further period of 18 years, which period expired on November 9, 1890, and thereupon the charter of the defendant expired and the company became extinct. In February, 1891, plaintiff made a motion to continue this action against the persons who were directors of the defendant at the time its charter expired, in their capacity as trustees of the stockholders and creditors of the defendants. This motion was denied, and plaintiff appeals from the order denying said motion.

Title 3, c. 18, pt. 1, Rev. St. marg. p. 600, provides, *inter alia,* as follows: "Sec. 9. Upon the dissolution of any corporation created or to be created, and unless other persons shall be appointed by the legislature or by some

court of competent authority, the directors or managers of the affairs of such corporation at the time of its dissolution, by whatever name they may be known in law, shall be the trustees of the creditors and stockholders of the corporation dissolved, and shall have full power to settle the affairs of the corporation, collect and pay the outstanding debts, and divide among the stockholders the moneys and other property that shall remain after the payment of debts and necessary expenses. Sec. 10. The persons so constituted trustees shall have authority to sue for and recover the debts and property of the dissolved corporation, by the name of the trustees of such corporation, describing it by its corporate name, and shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall come into their hands." These provisions were adopted from the Revised Laws. By section 4, c. 295, Laws 1832, it was also enacted that "the court in which any suit or proceeding against a corporation which shall have been dissolved by the decree of the court of chancery, or by the expiration of its charter, or otherwise, shall be pending at the time of such dissolution, shall have power, on the application of either party thereto, to make an order for the continuance of such suit or proceeding, and the same may thereafter be continued until final judgment or decree shall be had thereon, which shall have the like effect upon the rights of the parties as if such corporation had not been dissolved." Plaintiff's application in this case would seem to be based upon the course of proceeding prescribed by this statute, and, were it still in force, it would undoubtedly afford ample authority for the granting of plaintiff's motion; but, unfortunately for his contention, this act was repealed by chapter 245 of the Laws of 1880, and no substitute for it has ever been enacted. At common law, originally, all actions *ex delicto* abated on the death of the party by whom or to whom the wrong was done. The Revised Statutes (3 Rev. St., 7th Ed., pp. 2394, 2395, §§ 1, 2) provided for the continuance of certain actions for wrongs against the executors or administrators of a deceased wrongdoer; but actions on the case for injuries to the person of the plaintiff, with certain other enumerated causes of action, were expressly excepted therefrom. If defendant·was a natural person, there could be no question that the maxim of *actio personalis moritur cum persona* would apply, and that this action would abate. The learned counsel for the appellant, however, contends that as the plaintiff's claim has always been against the property of the defendant, and that as that property still exists, he should be entitled to prosecute any remedy that he may have against the property. This proposition, we think, cannot be sustained. On the death of an individual tort feasor, his property still exists in the hands of his executors or administrators, and it might, with equal force, be urged that the property of the deceased should be answerable for a claim *ex delicto;* but such is not the law. There is, in our opinion, no distinction between the death of an individual and the dissolution of a corporation *pendente lite. Sturges* v. *Vanderbilt,* 73 N. Y. 384, 390. The same rules of law apply, except so far as specially altered by statute, to the motion to continue an action against the legal representatives of one as the other. *Bank* v. *Colby,* 21 Wall. 609; *Greeley* v. *Smith,* 3 Story, 658; *May* v. *Bank,* 2 Rob. (Va.) 56. But, even if this were not so, it is a well-settled rule of the common law that the dissolution of a corporation puts an end to an action pending against it. *McCulloch* v. *Norwood,* 58 N. Y. 562.

Plaintiff being, therefore, remediless at common law, the only question left for us to determine is whether there is any statute which has so far altered or modified the common law as to entitle him to the relief that he seeks. The above-quoted sections 9 and 10 are the only provisions of the Revised Statutes relating to the question involved. They constitute the directors of the defendant, in office at the time of its dissolution, trustees of the creditors and stockholders of the defendant, with power to settle the affairs of the defendant,

pay outstanding debts, and divide the residuum among the stockholders after the payment of debts and necessary expenses. Power is also given to sue for and recover the debts and property of the defendant. The duties devolving on the trustees are thus fully set forth, and to them can be added no other or different or additional duties than those prescribed by the statute. They are made trustees of but two classes of persons, to whom alone their allegiance is due, and to whom they are accountable, to wit, creditors and stockholders. Plaintiff not claiming to be a stockholder, can he obtain the benefit of the statute on the ground that he is a creditor of the defendant ? We think not; indeed, the learned counsel for the appellant very candidly concedes in his brief that a party who has an action pending for injuries to the person cannot be considered a "creditor," in the legal definition of that word. The cases are numerous holding that liability for tort is not a debt. *Heacock* v. *Sher-- man*, 14 Wend. 58; *Crouch* v. *Gridley*, 6 Hill, 250; *Kellogg* v. *Schuyler*, 2 Denio, 73; *Esmond* v. *Bullard*, 16 Hun, 65.

It is, however, sought to bring the plaintiff within the class of persons who might be designated as "creditors," on the theory that defendant contracted with him, as an alleged passenger, to carry him safely, and that his present claim is for damages springing from a breach of such contract. We think the answer to that suggestion is that, in the complaint herein, no contract is alleged, but damages are claimed solely for the carelessness and negligence of defendant's servants by closing a gate upon him, and the action is grounded in tort. *Cregin* v. *Railroad Co.*, 75 N. Y. 193. It seems to us, therefore, that the present application of the plaintiff cannot be sustained, as it is without any statutory provision to support it, and the common law is opposed to it. In arriving at this conclusion, we have not been unmindful of the fact that a similar application in another action pending in the supreme court has been granted, after careful consideration, by one of its most learned and painstaking judges, and that his decision has been affirmed by the general term of the second department, Mr. Justice DYKMAN dissenting. We have carefully gone over the opinion of the special term judge, and the prevailing opinion of the general term, [*Hepworth* v. *Ferry Co.*, (Sup.) 16 N. Y. Supp. 692,] and considered the reasons advanced by them for reaching the conclusions at which they have arrived, but we find ourselves compelled to differ from them. The order appealed from should be affirmed, with costs.

## NOTE.

The opinion of the special term judge (Mr. Justice CULLEN) above referred to is as follows:

"This application is to revive an action against the trustees of the defendant corporation, pending against it, for assault and battery alleged to have been committed by its servants upon the plaintiff, who, it was conceded on the argument, though it does not definitely appear in the papers, was a passenger on defendant's boat. The corporation has determined by the lapse of time provided for its existence in its articles of incorporation. The application is resisted on the ground that the action abated by the death of the corporation, and that the cause of action does not survive. On a similar application made in the city court of Brooklyn, Chief Judge CLEMENT so held the law to be, and denied the application. 13 N. Y. Supp. 878. With the greatest deference to the views of that learned judge, I feel compelled to dissent from his conclusion. It is conceded that at common law, on the dissolution of a corporation, its personal property went to the crown, and its real estate reverted to the grantor,—to the corporation. But it is also unquestionable that that rule of the common law never prevailed in this country, but that the assets of the corporation, whether real or personal, remained a trust fund for the benefit of its creditors and its stockholders. Bacon v. Robertson, 18 How. 480; Owen v. Smith, 31 Barb. 641. Sections 9,|10, tit. 3, pt. 1, c. 18, Rev. St., provide that on the dissolution of a corporation, unless other persons be appointed by the legislature or by the court, the directors or managers of the corporation shall be the trustees of the creditors and stockholders of the corporation dissolved, and shall have full power to settle the affairs of the corporation, collect and pay the outstanding debts, and divide among the stockholders the moneys and other property that shall remain after the payment of debts and necessary expenses; 'and also' shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent

of its property and effects that shall come into their hands. The claim made on behalf of the defendant is that the plaintiff, whose action is for a personal tort, is not a creditor. Strictly speaking, a creditor is one whose claim springs out of contract. In Stewart v. Railroad Co., 90 N. Y. 588, a common carrier of passengers was held to be a guarantor against misconduct on the part of its employe to its passenger, and it is said that any such misconduct on the part of the employe is a breach of the contract of the employed. So this liability may be said to spring out of contract. I do not think it necessary, however, to rest this decision on that point. In my judgment, the provisions of the Revised Statutes above quoted should be construed liberally, so as to include the claims of all persons against the corporation arising out of the ordinary conduct of its business. This was the principle adopted by Judge ALLEN in the case of Owen v. Smith, supra, where he held that the statute should be regarded as remedial, and construed the word 'property,' in its popular sense, to include realty as well as personalty. The power given to the trustees by the statute is broad,—'to settle its affairs;' a term comprehensive enough to include all its liabilities. Liability for personal injuries in the operations of large carriers are as much a part of the operating expenses as contract expenditures. So, when a railroad is put in the hands of a receiver, liability for personal injuries occasioned in the operation of the road are charged upon the fund or property in court.

"Nor do I think the rule of *actio personalis moritur cum persona* applies to this case. The defendant was simply an artificial being. The claim which the plaintiff had was in reality against the property and assets of that corporation; it was from that that he was to obtain satisfaction. That property still remains and is in the hands of the defendant's trustees. It certainly would be inequitable to deprive the plaintiff of satisfaction of his claim, if he has one, when, by the voluntary act of the real parties in interest, the stockholders, an end has been put to the corporation, for under the statute its corporate existence might have been continued had the stockholders seen fit to do so. I think, therefore, that it should be held that this cause of action survives, unless there be a controlling authority to the contrary, which I do not find. The decision in McCulloch v. Norwood, 58 N. Y. 562, is not in point on this question. It was simply to the effect that, after the corporation had been dissolved, no valid judgment could be had against it. Further, under chapter 295, Laws 1832, § 4, it was provided that 'the court in which any suit or proceeding against a corporation which shall have been dissolved by the decree of the court of chancery, or by the expiration of its charter, or otherwise, shall be pending at the time of such dissolution, shall have power, on the application of either party, to make an order for the continuance of such suit or proceeding, and the same may thereafter be continued till a final judgment or decree shall be had therein, which shall have the like effect upon the rights of the parties as if such corporation had not been dissolved.' This remained the law in force until 1880, till the passage of the general repealing act, concomitant with the enactment of the second part of the Code of Civil Procedure. Under the provision of this statute, it would seem that this action might have been continued, and claims against corporations for personal torts would not be lost. I do not believe that it was the intention of the legislature to abrogate such rule, but rather to substitute the mode of procedure for the revival of actions provided for in that Code. Motion granted. Ten dollars cost, to abide the event."