WAMSLEY v. H. L. HORTON CO., Limited.

(Supreme Court, Special Term, New York County. May, 1896.)

FOREIGN CORPORATION—DISSOLUTION—MOTION TO CONTINUE ACTION.

After the dissolution of a foreign corporation an action pending against it cannot be continued against its directors.

(Syllabus by the Court.)

Action by William E. Wamsley against H. L. Horton Company, Limited. Pending the action, defendant corporation was dissolved, and a motion made to continue the action against its trustees. Denied.

For former report, see 34 N. Y. Supp. 306.

Alexander S. Bacon, for the motion.

John R. Dos Passos, opposed.

PRYOR, J. Pending an action in this court against the H. L. Horton Company, Limited, an English corporation, the company was dissolved, whereupon motion is made to continue the action against three certain individuals "as trustees of the defendant for its creditors and stockholders." Were the company merely in process of liquidation, Societe Fonciere et Agricole des Etats Unis v. Milliken, 135 U. S. 304, 309, 10 Sup. Ct. 823, is authority for the proposition that, nevertheless, the action might be prosecuted to judgment against the corporation. But the uncontradicted fact is that the company no longer exists as a legal entity, and the necessary consequence is the abatement of the suit against it. McCulloch v. Norwood, 58 N. Y. 562; Bank v. Colby, 21 Wall. 609, 615; Tayl. Priv. Corp. 435. May the action be revived and continued against the directors of the company? Undoubtedly, since the assets of a defunct corporation are subject to a trust or lien in favor of creditors and stockholders, such assets, in the hands of these directors, would be accessible in an appropriate action against them. Tinkham v. Borst, 31 Barb. 407; Field, Corp. §§ 491, 492; Mumma v. Potomac Co., 8 Pet. 281; Hastings v. Drew, 50 How. Prac. 254. That, however, is not the relief contemplated by the motion, but its avowed and only object is to continue against the directors an action commenced against the corporation. Whether the action against the corporation may, on its dissolution, be continued against the di-

rectors, being a matter of procedure, is to be determined by the law of the forum. Sturges v. Vanderbilt, 73 N. Y. 384, 389. Where, then, is the statute of New York which authorizes an order to continue this action against the directors of the extinct corporation? Not section 756 of the Code, for here the liability has not devolved upon the directors. Nor yet section 4, c. 295, Laws 1832, for it is repealed, and no longer in force. Grafton v. Ferry Co. (City Ct. Brook.) 13 N. Y. Supp. 878, 879. Indeed, the only statutory provision which plaintiff adduces in support of the motion is section 30 of the general corporation law. But that enactment is of no avail to him, because—First, it is plainly applicable only to domestic corporations (Vanderpoel v. Gorman, 140 N. Y. 563, 35 N. E. 932); or else, secondly, because pursuant to the laws of England a liquidator has been appointed for winding up the affairs of the company and distributing its property (Marstaller v. Mills, 143 N. Y. 398, 401, 38 N. E. 370). The plaintiff must apply for redress to the courts of the country of which the corporation is the creature. Redmond v. Manufacturing Co., 13 Abb. Prac. (N. S.) 332, 334.

Motion denied, with costs.