62 257
131a 645
62 257
82 307
62 257
24ao225
24ap227
62 257
27ap396
62h 257
56ad431
56ad432
56ad438

MATTHEW GAUNT HEPWORTH, RESPONDENT, *v.* THE UNION FERRY COMPANY OF BROOKLYN, APPELLANT.

*Corporations — dissolution — an action for a tort survives — it may be continued against the directors as statutory trustees for creditors.*

One Matthew Gaunt Hepworth handed to the ticket seller of a ferry company money for a passage upon its boat. The employee kept the money, refused to give a ticket and assaulted Hepworth, who thereafter began an action against the ferry company to recover the damages resulting from the assault. While the action was pending the charter of the ferry company expired by its own limitation.

Upon an appeal from an order, made on the plaintiff's application, continuing the action against the directors of the ferry company, acting as trustees for creditors, under the Revised Statutes, in the settlement of the affairs of the company:
*Held,* that the order was proper.

That, under the Revised Statutes, a claim arising out of a tort committed by the corporation stood upon the same basis as one resting on a contract with it.

That as the charter of the company pledged its property to pay all damages for the misfeasance of its employees, it was the duty of its managers or directors to pay all of its debts.

That the court had, of necessity, power to continue the action.

That the statutory trustees of the company were the proper parties defendant. (DYKMAN, J., dissenting.)

APPEAL by the defendant, the Union Ferry Company of Brooklyn, from an order, dated the 30th day of July, 1891, and entered in the office of the clerk of the county of Kings, granting a motion to revive the action and making the late directors of said company the statutory trustees, under the Revised Statutes, parties defendant.

The petition of the plaintiff contained, among others, the following allegations:

That in and by the terms of the charter of said defendant it is provided, in substance and effect, that " out of the issues and profits should be paid all costs, damages and expenses of every kind arising from injuries by collision, or injuries of any kind from accident or neglect, or misfeasance of persons employed in and about the business of the ferry or ferries of said company. The directors of the said company shall be authorized to retain and reserve therefrom " (that is to say, the net capital of said company), " such amount as in the discretion of the directors may be just and proper to meet all claims or demands then made or which may be anticipated, and for which the company may or can in any manner be liable."

*B. D. Silliman,* for the appellant.

*James K. Averill* and *Edward V. B. Kissam,* for the respondent.

BARNARD, P. J.:

On the 9th of June, 1889, the plaintiff handed to the defendant's ticket seller, in New York, money for a passage across the river to Brooklyn. The defendant kept his money, refused a ticket and committed an assault on him, and forcibly put him in the street. The plaintiff commenced an action for the assault in October, 1889. The corporation denied the facts on which the plaintiff based his

complaint, and while the action was at issue and untried, the charter of the defendant expired by its own limitation. The Revised Statutes provide that on a dissolution of a corporation, the directors shall be trustees for the creditors and stockholders, with full power to settle the affairs of the corporation. A power to continue the action against the corporation, when its charter expired, pending an action against it, was given by chapter 295, Laws of 1832. This law was repealed in 1880. (Chap. 245, Laws of 1880.)

The tort stands upon the same basis as a contract. (*Martin* v. *Walker*, 12 Hun, 46; *Ford* v. *Johnston*, 7 id., 563; *Baker* v. *Gilman*, 52 Barb., 26.) These cases either hold or approve of the principle that a conveyance made during a pending litigation to defeat the collection of a judgment for a tort can be set aside as if it was a contract debt. In other words, the statute creditor embraces those persons whose claims are based upon torts.

The charter pledges the property of the corporation to pay all damages for misfeasance of the company's employees. The law makes the directors trustees to settle the affairs of the corporation and to pay all debts against the corporation. The court has the power to continue the action which was pending at the dissolution of the corporation, of necessity. Such power existed before the act of 1832, and exists since the repeal of 1880.

A judgment taken against a corporation whose charter had been dissolved by decree, and after notice by the attorney for the corporation that he had no further power to appear in the case, was held void by the Court of Appeals. (*McCulloch* v. *Norwood*, 58 N. Y., 562.)

In the present case the order makes the statute trustees defendants, and this seems to be the rule recognized in *McCulloch* v. *Norwood* (*supra*).

The order is, therefore, right and should be affirmed, with costs and disbursements.

Pratt, J., concurred.

Dykman, J. (dissenting):

This is an appeal from an order continuing an action for assault and battery against the trustees of an incorporated company after the expiration of the time limited for its continuance in its articles of incorporation.

The action was commenced on the 19th day of October, 1889, and the charter of the Union Ferry Company expired, by limitation of the time specified in its charter, on the 9th day of November, 1890.

On the 23d day of May, 1891, a motion was made at the Special Term to revive and continue this action against the directors of the corporation who were in office at the time of its dissolution, and an order to that effect was made on the 30th day of July, 1891, from which the defendant has appealed.

Under the common law there was no provision for winding up the affairs of a dissolved corporation, but its personal property was forfeited to the crown, and the real property of which it was seized at the time of its dissolution reverted to the grantor. But that severe rule of the common law was unsuited to modern times, and especially to this country, and with us it was ameliorated by our statute as follows : " Upon the dissolution of any corporation created, or to be created, and unless other persons shall be appointed by the legislature, or by some court of competent authority, the directors or managers of the affairs of such corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of the corporation dissolved, and shall have full power to settle the affairs of the corporation, collect and pay the outstanding debts, and divide among the stockholders the moneys and other property that shall remain after the payment of debts and necessary expenses." (1 R. S., 600, § 89.)

Then the law of 1832, to prevent the abatement of suits by or against corporations, was enacted, and while it was in force all suits and proceedings against corporations which had been dissolved, which were pending at the time of such dissolution, could be continued until final judgment, with the same effect upon the rights of the parties as if such corporation had not been dissolved. (Laws of 1832, chap. 295, § 4.) But that statute was expressly repealed in 1880. (Chap. 245 of the Laws of 1880, p. 369, § 10.)

It does not appear that any other persons have been appointed, either by the legislature or by any court, and we, therefore, assume that the directors of this corporation at the time of its dissolution are, by virtue of the statute quoted, trustees of the creditors and stockholders of the company, with the powers conferred upon them by the statute.

They are, therefore, trustees of the creditors and stockholders of the company, with power to collect and. pay the outstanding debts and divide the money and property which shall remain after the payment of debts and necessary expenses among the stockholders. But they are not trustees of the plaintiff, because he is neither a creditor nor stockholder of the company. The corporation never owed him any money, and nothing was ever due to him from it, and the directors of this company possessed no power to pay him, although they are clothed with' ample authority to pay outstanding debts of the corporation.

A cause of action for a tort is not an indebtedness, and it would be contrary to all the analogies of the law to consider it so. If it was a debt, it would survive the death of the claimant, whereas the universal rule is that it dies with him.

It required a special statute to enable actions for wrongs to the property rights or interests of another to be maintained against the executors or administrators of a deceased wrong-doer, and from that statute is expressly excepted actions for slander, libel, assault and battery, false imprisonment and actions for injuries to the person. (3 R. S. [5th ed.], 746, §§ 1, 2.)

The claim of the plaintiff is not assignable, as it would be if it created a liability against the company.

So it required a statute to prevent the abatement of an action for the recovery of damages for personal injuries by the death of a party after verdict or decision. (Code of Civil Procedure, § 764.)

Provision is made by law for the enforcement of payment of liabilities of deceased persons by a sale of their real property, but that law could never be applied in favor of a person who held an unliquidated claim for damages sounding in tort.

The argument of the plaintiff, that his claim is against the property of the defendant and founded on contract, is built up on the theory that the law implied an undertaking, on the part of the defendant, to protect the plaintiff from injury arising from the misconduct of its servants while in the performance of a duty which the defendant owed to him during the continuance of the relation of passenger and carrier between the plaintiff and the defendant, and because the defendant was bound to use ordinary care for his safety while he was such passenger, the misconduct of the servant

of the defendant was a breach of the contract of the defendant. So far as this assumption embodies the law it is correct, but the deduction made from it by the plaintiff is not legitimate.

It is assumed that the relation of passenger and carrier existed between the plaintiff and defendant, not because the fact is conceded, but because that is the most favorable view for the plaintiff, and it is in consequence of such relation that the defendant becomes responsible for the wrongful act of its servant. An assault and battery was committed upon the plaintiff by a servant of the defendant, and if the plaintiff had not been a passenger of the defendant the company would have incurred no liability for the act, but because the plaintiff was a passenger the defendant is responsible for the assault and battery, and the action of the plaintiff is for the wrong perpetrated upon him. The assault furnishes the plaintiff with a cause of action and his suit is based thereon.

In the case of *Stewart* v. *Brooklyn, etc., Railroad Company* (90 N. Y., 590) it was the object of the court to show in the opinion that common carriers were responsible for injuries resulting to passengers from the negligence and willful misconduct of their servants while engaged in the performance of duties which the carrier owes to the passengers, and to manifest the reasons for such responsibility.

The court there decided that willful misconduct of the servant imposed the same liability as negligence, but that action was for a personal assault upon the plaintiff, and there is nothing in the case which conflicts with the views we have expressed, and nothing to indicate that the court considered the action itself to be based upon contract. In that case, as in this, the damages are claimed for the wrong, and not for a breach of contract.

It would be considered a great abuse of legal terms, if not a perversion of law, to say that an equitable action in behalf of a judgment-creditor, to set aside a conveyance for the fraud of the judgment-debtor in its execution was an action in tort, because it was based upon fraud, and fraud is a wrong, and yet it would be equally as plausible as the argument of the plaintiff. It seems plain, therefore, that the plaintiff is not a creditor of this corporation, and that his action is not based upon contract in any legal sense. It is equally plain that the statute which constitutes the directors trustees of the creditors and stockholders of the dissolved corporation is not suffi-

ciently comprehensive to include this cause of action among the liabilities to be discharged by such trustees. These trustees are no more than the appointed executors of the dead corporation, and as the cause of action does not survive the death of the company, the suit cannot be contined against the trustees. There is no provision in the Code for the continuance of an action after the death of a sole plaintiff or a sole defendant unless the cause of action survives, and as this suit is based upon a cause of action which does not continue after the death of either party, there is no provision for its continuance.

The order should be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

Order affirmed, with costs and disbursements.