FREDERICK MARSTALLER, Respondent, *v.* OGDEN MILLS et al., as Trustees, etc., Appellants.

A cause of action against a domestic business corporation for injuries caused by its negligence does not abate upon its dissolution, but survives, and an action thereon is maintainable against the trustees holding the corporate property for the purposes of distribution. (§ 5, chap. 691, Laws of 1892; § 30, chap. 687, Laws of 1892.)

Within the meaning of the provision of the "General Corporation Law" (Chap. 687, Laws of 1892), which provides that, upon the dissolution of a corporation, its directors or managers shall, unless other persons are appointed, be the trustees of the "creditors and stockholders," the word "creditors" includes all those to whom the corporation was under any enforcible obligation at the time of its dissolution, as well as those to whom it was indebted.

(Argued October 22, 1894; decided October 30, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 18, 1894, which affirmed an interlocutory judgment in favor of plaintiff entered upon an order of Special Term overruling a demurrer to the complaint.

This action was brought against defendants, as trustees of the creditors and stockholders of the Mergenthaler Printing Company, to recover for the loss of services of plaintiff's son, because of injuries alleged to have been received by him through the carelessness and negligence of said company, which had been dissolved before the action was commenced.

Defendant demurred to the complaint on the ground that the cause of action did not survive the dissolution of the company, and could not be maintained against defendants as trustees of its creditors and stockholders.

*William John Warburton* for appellants. Under the common law no cause of action against a corporation can survive the dissolution of the latter. (2 Wait's Act. & Def. 350; 2 Morawetz on Corp. 987; *Owen* v. *Smith,* 31 Barb. 641.)

Plaintiff's action must, therefore, be based on statute. (*McCulloch* v. *Norwood,* 58 N. Y. 568 ; *People* v. *Walker,* 17 id. 503 ; Laws of 1832, chap. 295.) No statute exists to support the action. (Laws of 1892, chap. 687 § 30 ; Laws of 1880, chap. 245, § 10.) The statute is for the benefit of creditors. (2 Potter on Corp. § 831.) The plaintiff is not a creditor. (*Edmond* v. *Bullard,* 16 Hun, 65 ; *Heacock* v. *Sherman,* 14 Wend. 58 ; *Jones* v. *Graham,* 77 N. Y. 628 ; *Noyes* v. *Blakeman,* 6 id. 567 ; *Lathrop* v. *Singer,* 39 Barb. 396 ; *Norris* v. *De Wolf,* 12 Hun, 666 ; *Cregin* v. *B. C. R. R. Co.,* 75 N. Y. 193 ; *Bohn* v. *Brown,* 33 Mich. 257.) The cause of action originally possessed by the plaintiff against the corporation did not survive the death of the tort feasor. (*Bank of Selma* v. *Colby,* 21 Wall. 609 ; *Greely* v. *Smith,* 3 Story, 658 ; *Pendleton* v. *Russell,* 144 U. S. 640 ; *Price* v. *Price,* 11 Hun, 301 ; *Zabriskie* v. *Smith,* 13 N. Y. 322 ; *Whitford* v. *R. R. Co.,* 23 id. 465 ; *Stokes* v. *Stickney,* 96 id. 323.)

*James C. Cropsey* and *Charles J. Patterson* for respondent. The cause of action is not one which is extinguished by the death of either the person injured or the wrongdoer, but is one which under the statute survives. (*Cregin* v. *B. C. R. R. Co.,* 75 N. Y. 192 ; *Scott* v. *Brown,* 24 Hun, 620 ; *Foels* v. *Town of Tonawanda,* 20 N. Y. Supp. 447.) Even if we admit that the sections of the Revised Statutes are not applicable to actions against corporations, there is another statute expressly relating to business corporations which, in effect, states that actions in tort against them survive their dissolution. (Laws of 1892, chap. 691, § 5 ; Laws of 1875, chap. 611, § 38.) This action is properly brought against the directors of the dissolved corporation. (Laws of 1892, chap. 687, § 30.)

GRAY, J. Plaintiff brings this action against the defendants, as the trustees of the creditors and stockholders of the Mergenthaler Printing Company, a domestic business corporation, to recover for the loss of services of his son ; who was injured while in the employment of the company. Subse-

quently to the time when he received these injuries, that corporation was dissolved, in the course of proceedings for its voluntary dissolution, and the sole question, which is presented by the demurrer to the complaint, is whether the cause of action survived the dissolution and is maintainable against the defendants. If provision has not been made in the statute law of this state, whereby such a cause of action is preserved from abatement, the common-law rule would undoubtedly be in force and the plaintiff's remedy would be gone. We think that such is not the case and that, upon a fair reading and by a reasonably liberal construction of certain statutory provisions, the plaintiff retained his remedy in the form he has adopted.

In the "Business Corporations Law" (Laws 1892, chap. 691, § 5) is contained the following section :

"PAYMENT OF CAPITAL STOCK.— One-half of the capital stock of every such corporation shall be paid in within one year from its incorporation, or the corporation shall be dissolved. * * * The dissolution of any such corporation for any cause shall not take away or impair any remedy against it, its stockholders or officers, for any liabilities incurred previous to its dissolution."

The last sentence of this section was taken, with a slight change of verbiage, from the statute as it was enacted in 1875 (Laws 1875, chap. 611, § 38) ; where it stood as a distinct section. Although it was inserted in connection with a provision made for the event of a failure to pay in the capital stock, its language is too comprehensive to warrant us in attributing any other legislative intent, than what the plain reading conveys. Inartificial as may be the insertion of this clause in the section, it cannot be qualified by what precedes and it reaches beyond the contingency of the particular dissolution previously referred to and applies to any, that is to every, case of corporate dissolution.

The plaintiff's cause of action arose upon a wrong having been done to his rights or interests, for which the corporation could be held liable, and if it has survived, by force of the

statutory provisions mentioned, we think he is entitled to be classed with the " creditors ; " for whom, in another provision, the directors of the corporation become trustees. It was enacted in the " General Corporation Law " (Chap. 687 of the the Laws of 1892) as section 30 and reads :

" Upon the dissolution of any corporation created, or to be created, and unless other persons shall be appointed by the legislature, or by some court of competent authority, the directors or managers of the affairs of such corporation at the time of its dissolution, by whatever name they may be known in law, shall be the trustees of the creditors and stockholders of the corporation dissolved, and shall have full power to settle the affairs of the corporation, collect and pay the outstanding debts and divide among the stockholders the moneys and other property that shall remain after the payment of debts and necessary expenses."

We think that the legislature intended by this provision that the corporate property should be held and administered upon by the directors, where other persons were not appointed, for the purpose of its distribution in the settlement of all existing claims upon it; whether the claimant was a creditor in the legal sense, or not. The term " creditor" is broad enough, in view of the evident purpose of this act and of the other provision we have mentioned, to include those persons, to whom the corporation was under any enforceable obligation, as well as those to whom it was indebted. If the general investment of the directors with the power " to settle the affairs of the corporation" were to be regarded as qualified and as limited, with respect to the payment of claims against it, to those which constituted debts, in the strict legal sense of the word, the legislature would be chargeable with a very grave inconsistency. It would have expressly retained all the remedies against a corporation for any liabilities incurred previous to its dissolution ; while limiting the power of its trustees, upon a voluntary dissolution, to the consideration and payment of those liabilities only which arose upon contract. This would be a harsh construction and one which does not

seem in harmony with the general scheme of legislation. If this had been the case of an individual wrongdoer, his death would not have caused the abatement of the cause of action for the wrong done by him to the property rights or interests of the plaintiff. That case has been expressly provided for and the action would be maintainable against his executors or administrators. (2 R. S. 447, §§ 1, 2, and see *Cregin* v. *R. R. Co.,* 75 N. Y. 192.) We do not think a discrimination has been intended in favor of corporations. The language of the section admits of the criticism that it fails to express clearly the intention that a liability upon tort is to be considered and met by the trustees; but, reading together section 5 of the Business Corporations Law and section 30 of the General Corporation Law, the construction is permitted that all persons, who have claims against the corporation, upon which it might be liable, should be regarded as actual or possible creditors.

The interlocutory judgment should be affirmed, with costs; with leave, however, to the appellants to answer the complaint within twenty days after service of the notice of the entry of the order upon our remittitur and on payment of costs.

All concur.

Judgment accordingly.