<hr/>

82  303
24ap228

THE PEOPLE OF THE STATE OF NEW YORK, *v.* TROY STEEL AND IRON COMPANY.

AMELIA LORTIE, as Administratrix, etc., of JEREMIAH T. LORTIE, Deceased, Respondent, *v.* TROY STEEL AND IRON COMPANY, Appellant.

*Receivers of a corporation— appeal taken in the name of the corporation —judgment entered against a corporation, after the appointment of a receiver — after its dissolution — continuance of actions — actions for negligence do not abate on the dissolution of a corporate defendant.*

The receivers of a corporation can take an appeal from an order, made in an action pending against the corporation at the time of their appointment, either in their own names or in the name of the corporation, and such an appeal taken by them in the name of the corporation is considered the appeal of the receivers in the name of the corporation.

A judgment appointing a receiver in a sequestration action, brought by a creditor against a corporation under the provisions of section 1784 of the Code of Civil Procedure, does not dissolve the corporation or prevent the prosecution of actions against it.

A judgment for the dissolution of a corporation and the appointment of a receiver, in an action brought by the People of the State under the provisions of section 1785 of the Code of Civil Procedure, ordinarily has the effect of preventing the maintenance of an action against the corporation, and if actions

are pending at the time of the rendition of such judgment, they cannot be continued unless by order of the court by which the judgment was rendered.

Under the provisions of sections 755 and 756 of the Code of Civil Procedure the same power is now vested in the Supreme Court to continue actions pending against a corporation, when it is dissolved under the provisions of section 1785 of the Code of Civil Procedure, as was conferred upon the Court of Chancery by chapter 295 of the Laws of 1832.

Under the provisions of section 755 of the Code of Civil Procedure, actions that do not abate against a corporation upon its dissolution are those where the right of action survives or continues.

The cause of action given by section 1902 of the Code of Civil Procedure to the representatives of a decedent, whose death was caused by the negligence of another, does not abate, if brought against a corporation, upon its dissolution and the appointment of a receiver thereof, and the court should direct, upon a proper application, the continuance of the same against the receiver of the corporation.

APPEAL by the defendant, the Troy Steel and Iron Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerks of the counties of Albany and Rensselaer on the 16th day of April, 1894, modifying the judgment in the first above-entitled action, entered on the 16th day of August, 1893, so as to permit the continuance of the second-named action against the receivers of the Troy Steel and Iron Company, and substituting such receivers as the defendants in such action.

*Thomas S. Fagan, Edward W. Douglas* and *Frank S. Black*, for the appellant.

*Countryman & DuBois*, for the respondent.

PUTNAM, J. :

. This action was brought in the month of March, 1893, by the plaintiff, as administratrix, to recover damages for the death of her husband, which, the complaint alleged, was caused by defendant's negligence.

The defendant, a corporation, was dissolved by a judgment of the Supreme Court in August, 1893, in an action brought by the Attorney-General in the name of the People of the State, and receivers appointed. On plaintiff's motion, in March, 1894, an order was made at Special Term continuing the action against the receivers, and from such order this appeal is taken.

It is urged by the respondent that as the receivers have not appealed and the corporation is " defunct," the appeal taken in its name should be dismissed; that, in fact, there is no appeal now pending; we think plaintiff's position is not well taken.

The receivers could take an appeal either in their own name or in that of the corporation, and hence the appeal under consideration should be deemed that of the receivers in the name of the corporation.   (*Talmage* v. *Pell*, 9 Paige, 410.)

It is held that a judgment in a sequestration action brought by a creditor against a corporation, under the provisions of section 1784 of the Code of Civil Procedure, appointing a receiver, does not dissolve the corporation or prevent the prosecution of actions against it. (*Del Valle* v. *Navarro*, 21 Abb. N. C. 136; *Auburn Button Co.* v. *Sylvester*, 68 Hun, 401.)

A judgment, however, for the dissolution of a corporation and the appointment of a receiver in an action by the People of the State, brought under the provisions of section 1785 of the Code of Civil Procedure, ordinarily has the effect of preventing the maintenance of an action against the corporation; and if actions are pending at the time of the rendition of such judgment they cannot be continued unless by order of the court by whom the judgment was rendered.   (*Sturges* v. *Vanderbilt*, 73 N. Y. 384–388.)

After such a judgment against a corporation, in the language of FIELD, J., in *National Bank* v. *Colby* (21 Wall. 609–615): " Its existence as a legal entity was thereupon ended; it was then a defunct institution, and judgment could no more be rendered against it in a suit previously commenced than judgment could be rendered against a dead man dying *pendente lite*.   This is the rule with respect to all corporations whose chartered existence has come to an end, either by lapse of time or decree of forfeiture, unless by statute pending suits be allowed to proceed to judgment notwithstanding such dissolution."

By chapter 295, Laws of 1832, it was provided that if a corporation shall have been dissolved by a decree of the Court of Chancery, or by expiration of its charter during the pendency of an action against it, the court shall have power, on the application of either party, to make an order for the continuance of the action, and the

same shall be continued until final judgment. The power thus conferred upon the court to continue actions after the dissolution of a corporation, *in terms* applies to all actions. The statute of 1832 remained in force until 1880, when it was repealed. We are inclined to believe that under the provisions of sections 755 and 756 of the Code of Civil Procedure the same power is now vested in the Supreme Court to continue actions pending against a corporation when it is dissolved under the provisions of section 1785 (*supra*), as was conferred upon the Court of Chancery by chapter 295, Laws of 1832. That the court now possesses that power was decided in the case of *People* v. *The Universal Life Ins. Co.* (17 N. Y. Wkly. Dig. 563).

In *People* v. *Knickerbocker Life Ins. Co.* (106 N. Y. 619-623), decided after the repeal of the act of 1832, Judge DANFORTH in his opinion says: " It is, therefore, plain that the funds in his hands should not be affected by it " — the judgment obtained after the appointment of the receiver — " unless by interference or otherwise, under the direction of the court appointing him, he has made himself responsible for the final result of the litigation between the parties. (*McCulloch* v. *Norwood*, 58 N. Y. 563.) His authority to do the acts relied upon by the respondents was derived from the court from whom he received his appointment, and its exercise was necessary for the protection of property which had come to his hands."

In the above-cited case it will be seen that it was suggested that the receiver, under the direction of the court appointing him, might subject the funds in his hands to the payment of a judgment obtained after his appointment, as was held he could in *McCulloch* v. *Norwood*, decided when the act of 1832 was in force.

We think it was intended to confer on the Supreme Court by sections 755 and 756 (*supra*) the same power that was vested in the Court of Chancery by chapter 295, Laws of 1832, and hence the order appealed from was properly granted, unless the action abated on the dissolution of the corporation. Under section 755 actions that do not abate are those where the right of action survives or continues. Whether the action set out in the complaint herein is one that survived the dissolution, the death, of the corporation, is a question as to which we have entertained some doubt.

It is held that the cause of action given by section 1902 of the Code of Civil Procedure to the representatives of a decedent whose death was caused by the negligence of another abates on the decease of the wrongdoer, and cannot be maintained against his representatives.  (*Hegerich* v. *Keddie*, 99 N. Y. 258.)

It is urged with much force that a judgment dissolving a corporation ends its existence; that on the rendition of such a judgment a corporation is extinct, and the same rule as to the survival of causes of action against it should apply as to survival in actions against an individual.  In *Greeley* v. *Smith* (3 Story, 657, 658) Judge STORY says : " Now, I cannot distinguish between the case of a corporation and the case of a private person dying *pendente lite.* In the latter case the suit is abated at law, unless it is capable of being revived by the enactments of some statute, as is the case as to suits pending in the courts of the United States, where, if the right of action survives, the personal representative of the deceased party may appear and prosecute or defend the suit."

As an original question, we should have entertained some doubts whether the cause of action set out in the complaint, the alleged negligence of the defendant in causing the death of the plaintiff's intestate, was one that survived the dissolution of the corporation ; and hence whether the court below had the right to continue the action against the receivers.   But we have been cited to the opinion delivered by Justice CULLEN of the second district in *Hepworth* v. *Union Ferry Co. of Brooklyn*, in which the learned justice reached the conclusion that an action for assault on a passenger of a ferry company by one of its employees, pending against the corporation on its dissolution in consequence of the expiration of its charter, survived, and could be continued against the trustees of the corporation.   The decision was affirmed by the General Term of the second department (62 Hun, 257).   The appeal from the judgment of the General Term to the Court of Appeals was dismissed (131 N. Y. 645).   We may assume that if the Court of Appeals had reached the conclusion in the consideration of the case that the action did not survive, and hence that the court below had no power to continue it, the appeal would probably not have been dismissed.

Under the doctrine laid down in *Hepworth* v. *Union Ferry Co.* the cause of action set out in the complaint in this action survived

the dissolution of the corporation, and the case could be continued against the receivers. Under the authority of that case the order from which the appeal is taken should be affirmed.

MAYHAM, P. J., concurred in result; HERRICK, J., not acting.

Order affirmed, with ten dollars costs, and printing and other disbursements.