In the Matter of the Application of a Majority of the Directors of The D. G. Yuengling Brewing Company for a Voluntary Dissolution of the Corporation, Appellants.

John Mabon, Respondent, *v.* The D. G. Yuengling Brewing Company, Defendant.

Commodore P. Vedder, Receiver of The D. G. Yuengling Brewing Company, Appellant.

*Survival of an action against a corporation for personal injuries — effect of the voluntary dissolution of the corporation.*

A cause of action for personal injuries sustained by reason of the alleged negligence of a corporation, not incorporated, so far as the record shows, under the act providing "for the organization and regulation of certain business corporations" (Laws of 1875, chap. 611), nor under the Business Corporations Law (Laws of 1892, chap. 691), does not survive the subsequent voluntary dissolution of the corporation and the appointment of a receiver of its property, and hence the court has no power to permit the action to be continued against such receiver.

Williams, J., dissented.

Appeal by the petitioners in the above-entitled proceeding and Commodore P. Vedder, the receiver of the defendant, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of September, 1897, modifying an injunction order entered in said clerk's office on the 17th day of June, 1897, dissolving the defendant corporation so as to permit the continuance of an action against such corporation to recover damages for personal injuries to the plaintiff alleged to have been caused by the negligence of the defendant.

*Moses Weinman*, for the appellants.

*William P. Burr*, for the respondent.

Ingraham, J.:

The appeal from this order has been argued by counsel as though it, in effect, continued the action against the receiver of the defendant corporation which has been dissolved by a judicial decree, and

the appellant appointed receiver; and in disposing of the appeal we will assume, as the parties have assumed, that such is the effect of the order appealed from.  The question presented, therefore, is whether the cause of action survives the dissolution of the corporation so as to justify an order continuing it as against the receiver. It is not disputed but that at common law, upon the dissolution of a corporation, as upon the death of an individual, all actions against it abate.  (*National Bank* v. *Colby*, 21 Wall. 614; *Greeley* v. *Smith*, 3 Story, 658.)  It is also conceded that in an action for personal injuries as against an individual upon the death of a party, the cause of action does not survive, and the action cannot be continued by or as against the personal representatives of the deceased party. (*Wade* v. *Kalbfleisch*, 58 N. Y. 286.)  "Where an injury is done to the person of *the plaintiff*, the pecuniary damage sustained thereby cannot be so separated as to constitute an independent cause of action, for the cause of action is single, and consists of the injury to the person; the damages are the consequence merely of that injury and where by the terms of the statute such a cause of action abates, the character of the damages cannot save it."  (*Cregin* v. *Brooklyn Crosstown Railroad Company*, 75 N. Y. 192.)  As this rule applies as well to a corporation as to an individual, it would necessarily follow that, unless there is some provision of the statute applying to corporations that changed the rule so as to continue a cause of action for personal injuries against a corporation, after the death of the corporation, the cause of action dies with the corporation, and the action against the corporation to enforce such a cause of action cannot be continued against the receiver

The only provision of the statute to which our attention has been called, or of which we have any knowledge, is that contained in section 38 of chapter 611 of the Laws of 1875, which is continued, with a slight modification, in section 5 of chapter 691 of the Laws of 1892, known as the Business Corporation Law.  The act of 1875 is an act for the incorporation of business corporations, and the provisions of the section before referred to apply only to corporations organized under that act.  The section 5 of the Business Corporation Law expressly limits it to corporations organized under that act, or corporations which had theretofore been organized, and which may incorporate themselves under the provisions of section 4 of that act.

It did not appear before the court below, nor does it appear in the record before us, that this defendant corporation was organized under the provisions of the act of 1875, or has come under the provisions of the Business Corporation Law, so that the provisions of that act apply to it.    It does not appear, therefore, that this provision of the statute applies to this defendant corporation.    We cannot assume that it does ; and in determining this question the general rule must apply as to all corporations except those within the provisions of the statute above cited.    This rule is expressly recognized by the Court of Appeals in the case of *Marstaller* v. *Mills* (143 N. Y. 400) where Judge Gray, in delivering the opinion of the court, says, in speaking of an action for personal injuries against a corporation : " If provision has not been made in the statute law of this state whereby such a cause of action is preserved from abatement, the common-law rule would undoubtedly be in force and the plaintiff's remedy would be gone."    In that case the court discussed the effect of section 5 of the Business Corporation Law and section 38 of chapter 611 of the Laws of 1875, and held that, as to corporations organized under that act, or which were continued under the Business Corporation Law, the cause of action for personal injuries survived and could be continued as against the directors or managers of the affairs of a corporation which had been dissolved, where no receiver had been appointed under the provisions of section 30 of the General Corporation Law, being chapter 687 of the Laws of 1892.    It appears in this case that the defendant corporation has been dissolved and a receiver appointed to wind up the affairs of the corporation ; and as it does not appear that this corporation was organized under the act of 1875, or is subject to the provisions of section 5 of the Business Corporation Law, the provisions of these acts do not apply.    The case of *Hepworth* v. *Union Ferry Co.* (62 Hun, 257) is also relied upon by the respondent.    The corporation defendant in that case appears to have been organized under a special charter, and stress appears to have been laid upon the provisions of such charter.    The corporation had expired by the limitation of its charter, and its property was in the hands of its directors.    It was held in that case, by the General Term of the Supreme Court in the second department,

that the tort there sued stood upon the same basis as a contract, as "the charter pledges the property of the corporation to pay all damages for misfeasance of the company's employees. The law makes the directors trustees to settle the affairs of the corporation and to pay all debts against the corporation. The court has the power to continue the action which was pending at the dissolution of the corporation of necessity." An appeal from this order appears to have been dismissed. (See 131 N. Y. 645.) I do not think that this case can be said to be an authority as applied generally to corporations organized under general law, and in which there was no provision of the charter like the one relied on. This is especially so in view of the statement made by the court in *Marstaller* v. *Mills* (*supra*), that unless the provisions were made in the statute law of the State whereby such a cause of action was preserved from abatement, the common-law rule would undoubtedly be enforced and the plaintiff's remedy would be gone.

I think, therefore, that upon this record there is nothing to show that a cause of action against this defendant corporation survives, and that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON and O'BRIEN, JJ., concurred; WILLIAMS, J., dissented.

WILLIAMS, J. (dissenting):

After the commencement of the action for negligence and the joining of issue therein, proceedings were commenced for the voluntary dissolution of the corporation, and an order was subsequently made dissolving the corporation, appointing a receiver and enjoining the prosecution of all actions against the corporation. The order appealed from merely modified the injunction so as to permit the continuance of the negligence action. The relief asked for upon the motion, in addition to that granted by the order appealed from, was that the action be continued against the receiver and that he be substituted as defendant. The court refused to grant this latter relief upon the ground, apparently, that the action should not be permitted to be tried in the ordinary way in which negligence actions are tried before the court and a jury, but that a referee

should be appointed to determine whether a cause of action existed against the corporation, and if so to determine the amount of damages to which the plaintiff was entitled, and as a result what claim the plaintiff had against the estate of the corporation. The serious question here involved is, whether plaintiff's cause of action for negligence against this corporation survived its dissolution in proceedings for the voluntary dissolution thereof. If the cause of action did survive then the plaintiff was entitled to such relief as would enable him to establish and enforce his claim, if he had any, growing out of such cause of action against the assets of the corporation. It would seem that this relief should have been such as would enable him to try his action in the usual way in which negligence actions are tried before the court and a jury and not compel him to submit to a trial before a referee. The receiver should have been substituted as defendant, and the action continued against him to final judgment. The action was brought to recover damages for personal injuries to the plaintiff caused by the negligence of the defendant, and the question is whether the defendant's assets were relieved by its voluntary dissolution from all liability for damages resulting from such negligence. Until its dissolution was effected its assets were liable to be applied to the payment of such damages. After the liability of the corporation had accrued, could the officers, directors and stockholders by their voluntary action procure the dissolution to be brought about and thereby relieve the assets of the corporation from the payment of such damages? In *Hepworth* v. *Union Ferry Co. of Brooklyn* (22 Civ. Proc. Rep. 407; S. C., 62 Hun, 257) it was held that an action against a corporation for an assault and battery did not abate upon the dissolution of the corporation, but might be revived and continued against its trustees. The dissolution in that case resulted by operation of law from the expiration of its charter. Mr. Justice CULLEN in his opinion at Special Term said: " The defendant was simply an artificial being. The claim which the plaintiff had was in reality against the property and assets of that corporation; it was from that that he was to obtain satisfaction. The property still remains and is in the hands of the defendant's trustees. It certainly would be inequitable to deprive the plaintiff of satisfaction of his claim, if he has one, when by the voluntary act of the real parties in interest,

the stockholders, an end has been put to the corporation, for, under the statute, its corporate existence might have been continued, had the stockholders seen fit to do so." An appeal from the judgment at General Term in this case was dismissed by the Court of Appeals, thus allowing the order continuing the action to remain in full force. In *The People* v. *Troy Steel & Iron Co.* (82 Hun, 303) a similar order was affirmed, the action continued being one brought by an administratrix to recover damages for the death of her intestate alleged to have been caused by the negligence of the defendant corporation. This decision was made in reliance upon the authority of *Hepworth* v. *Union Ferry Co.* (*supra*), in view of the action of the Court of Appeals in that case. In *Marstaller* v. *Mills* (143 N. Y. 398) it was held that a cause of action survived the dissolution of a corporation when the action was brought by a father to recover damages for the loss of services of his son resulting from injuries alleged to have been caused by the negligence of the defendant corporation. The court there considered section 5 of the Business Corporation Law and section 30 of the General Corporation Law, and concluded " that the Legislature intended by this provision (§ 30 above) that the corporate property should be held and administered upon by the directors where other persons were not appointed for the purpose of its distribution in the settlement of all existing claims upon it, whether the claimant was a creditor in the legal sense or not. The term ' creditor' is broad enough, in view of the evident purpose of this act and of the other provisions we have mentioned, to include those persons to whom the corporation was under any enforceable obligation, as well as those to whom it was indebted. * * * Reading together section 5 * * * and section 30 * * * the construction is permitted that all persons who have claims against the corporation upon which it might be liable should be regarded as actual or possible creditors."

It was well settled at common law that the dissolution of a corporation put an end to any action pending against it. An act was passed in 1832, but repealed in 1880, which permitted the continuance by the court of an action until final judgment after the dissolution of the corporation. The same power was, however, given the court after the repeal of the act under sections 755 and 756 of the Code

of Civil Procedure.   (*Hepworth* v. *Union Ferry Co.*, *supra*; *People* v. *Troy Steeel & Iron Co.*, *supra*.)

If the cause of action survives the dissolution of the corporation the power to continue the action is beyond doubt.   It seems to us that there can be no doubt that such a cause of action survives the dissolution.   The order should, therefore, be affirmed with a further modification providing for the bringing in of the receiver and the continuance of the action against him to final judgment.

The order as so modified should be affirmed, with costs to the respondent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

# 𝕮𝖆𝖘𝖊𝖘

DETERMINED IN THE

# FOURTH DEPARTMENT

IN THE

# APPELLATE DIVISION,