GORDON v. EVENING POST PUB. CO.

(Supreme Court, Trial Term, New York County. November, 1900.)

1. ACTION AGAINST CORPORATION—ABATEMENT.
   Where the existence of a corporation expires under its charter pending an action against it for negligence under the statutes, there is no abatement, and plaintiff may obtain an order permitting the continuance of the action against the directors as trustees.

2. CALENDAR—ABATED SUIT.
   Where pending an action for tort the charter of a corporation expires, until the action is revived under the statute it will be marked "Abated" on the preferred calendar, and on revival may resume its position on the day calendar.

Action by Francis Gordon, an infant, against the Evening Post Publishing Company. Motion by defendant to strike the cause from the calendar. Denied.

Lawrence Godkin, for the motion.
H. Gottlieb, opposed.

McADAM, J. The action is to recover $10,000 for personal injuries alleged to have been sustained by the plaintiff December 8, 1899, through defendant's negligence. Under the name of William C. Bryant & Co., the defendant was organized under the manufacturing act of 1848. Its corporate existence, specified in the charter, expired January 1, 1900, and no extension of the life of the company has been granted. The corporate title was on November 7, 1881, changed to the Evening Post Publishing Company, its present name. The defendant's charter having expired since the alleged injuries were sustained, the action cannot be maintained thereafter against the defendant. Sturges v. Vanderbilt, 73 N. Y. 384. When the cause was called in its order for trial, the defendant, upon the ground stated, moved to strike the cause from the calendar. At common law the action would have abated. Ang. & A. Corp. (10th Ed.) § 778a; 5 Thomp. Corp. § 6723. But under our statutes it has been held there is no abatement in such case, and that the plaintiff may obtain an order permitting the continuance of the action against the directors as trustees. Marstaller v. Mills, 143 N. Y. 398, 38 N. E. 370; Hepworth v. Ferry Co., 62 Hun, 257, 16 N. Y. Supp. 692, appeal dismissed in 131 N. Y. 645, 30 N. E. 867; People v. Troy Steel & Iron

Co., 82 Hun, 303, 31 N. Y. Supp. 337. Until so revived and continued the action will be marked "Abated" on the preferred calendar, which, in this instance, means that it does not in its present comatose condition belong to the day calendar. If, however, the plaintiff revives the action in a form that entitles it to be tried without any new application for a preference, the cause may resume its position on the day calendar, and be tried according to prescribed practice.