SHAYNE v. EVENING POST PUB. CO. ·

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

ABATEMENT AND REVIVAL—ACTION FOR LIBEL—DISSOLUTION OF CORPORATION.
   Defendant was incorporated under Laws 1848, c. 40, section 19 of which provided that dissolution of any company organized under the act should not take away any liability previously incurred.   Such act was repealed by General Corporation Law 1892, c. 687, but section 35 provided that the repeal should not affect any liability incurred by virtue of the law repealed prior to May 1, 1891.   Section 36 provided that the provisions of the general corporation law, so far as substantially the same as laws existing on April 30, 1891, should be a continuation of such laws, modified according to the language employed, and not as new enactments; but such general law contained no provision similar to Acts 1848, permitting actions to be revived and continued in case of dissolution.   *Held*, that an action commenced in 1899 against defendant to recover damages sustained by publication of a libel in the same year, being an action for personal injuries, abated at the dissolution of the defendant by the limitation contained in its articles of incorporation, and could not be revived against its trustees.
   Hatch and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Action by Christopher C. Shayne against the Evening Post Publishing Company.   From an order reviving and continuing the action against the trustees of the defendant on its dissolution, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lawrence Godkin, for appellants.

John Proctor Clarke (Edward J. Gavegan, on the brief), for respondent.

McLAUGHLIN, J.   This action was brought to recover damages alleged to have been sustained by the publication of an article in a newspaper—the New York Evening Post—published by the defendant.   It was commenced on the 17th of March, 1899.   It appeared upon the calendar May 15, 1900, when the counsel of the defendant called the attention of the court to the fact that the corporation had expired on January 1, 1900, by limitation contained in its articles of incorporation.   This fact seems to have been then conceded, and

thereafter a motion was made to revive and continue the action against the trustees of the defendant at the time of its expiration. The motion was granted, and the defendant and the trustees have appealed.

We think the order must be reversed. Upon the dissolution of the corporation the action abated, and it could not thereafter be revived. This must be so, unless there be some statute to the contrary. The general rule is, in an action to recover damages for personal injuries pending at the time of the death or dissolution of a defendant, the action abates, and cannot be revived. In re Brewing Co., 24 App. Div. 223, 49 N. Y. Supp. 12; Bank v. Colby, 21 Wall. 615, 22 L. Ed. 687; Wade v. Kalbfleisch, 58 N. Y. 282; Moore v. Bennett, 65 Barb. 338. We do not know of, and our attention has not been called to, a statute which takes the defendant out of the general rule. The defendant was incorporated in 1871, under chapter 40 of the Laws of 1848, and the amendments thereto. Section 19 of this chapter provides that:

"The legislature may at any time alter, amend, or repeal this act, or may annul or repeal any corporation formed or created under this act; but such amendment or repeal shall not, nor shall the dissolution of any such company, take away or impair any remedy given against any such corporation, its stockholders or officers, or any liability which shall have been previously incurred."

The whole act, however, was repealed by the general corporation law (chapter 687, Laws 1892), the saving clause of which (section 35) provides that:

"The repeal of a law or any other part of it, specified in the annexed schedule, shall not affect or impair any act done, or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to May 1st, 1891, under or by virtue of any law so repealed."

This action, as before indicated, was commenced in March, 1899, to recover damages for the publication of an article in February, 1899. The plaintiff's right to recover, as well as the defendant's liability to respond in damages, of course does not come within the saving clause, inasmuch as it did not accrue prior to May 1, 1891. Nor does section 36 aid the defendant. That section provides, among other things, that the provisions of the general corporation law, so far as they are substantially the same as those of laws existing on April 30, 1891, shall be construed as a continuation of such laws, modified or amended according to the language employed, and not as new enactments. But there is no provision in the general corporation law similar to the provision in the act under which the defendant was incorporated (act of 1848 and amendments), permitting the action to be revived and continued in case of dissolution. This seems to be conceded by plaintiff's counsel, because in the brief filed by him he says that "this corporation, formed under the act of 1848, is to be treated, for the purposes of this motion, as if formed under the business corporation law." Manifestly, this cannot be so. The business corporation law (chapter 691, Laws 1892) does not apply, either directly or inferentially, to the defendant the Evening Post Publishing Company. That act provides how a corporation may be formed, or how an existing corporation organized under other acts

may acquire the benefit of it by reorganizing under it. But the defendant was not incorporated under this act, and never took any proceedings to come within its terms, and therefore it can no more be claimed that that act applies than it could that the business act (Laws 1875) applies. In re Brewing Co., supra.

The case of Marstaller v. Mills, 143 N. Y. 398, 38 N. E. 370, is not in point. The cause of action there was to recover damages for the loss of services of the plaintiff's son, and the court held that the action did not abate. It there appeared that the corporation was organized under the provisions of the act of 1875, and came within the provisions of section 5, c. 567, Laws 1890; and for that reason, inasmuch as it involved a wrong done to the property rights of the plaintiff, it could, by express provision of that act, be revived and continued by the executor. Here chapter 611 of the Laws of 1875 does not apply to the defendant, nor does the business corporation law apply, and the only law which is applicable is, as already indicated, the general corporation law; and there is no provision in that law which permits an action against a defunct corporation to be revived and continued against the trustees, as permitted in the order appealed from. It therefore follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

HATCH, J. (dissenting). This is a civil action, brought to recover damages for an alleged libel against the plaintiff. The defendant was incorporated under chapter 40 of the Laws of 1848, as amended by chapter 262 of the Laws of 1857. The term of its corporate life under its charter expired on the 1st day of January, 1900, after the action was commenced, and before the same was tried. It is now claimed that such cause of action has abated, and that it did not survive the expiration of defendant's charter, and that there did not exist on such date any statutory provision which continued defendant's liability. This is the only point presented upon the appeal in this case. The adjudications which have been had upon this subject as reported in the books do not seem to me to be in entire harmony, although, so far as this court is concerned, it is perhaps not an open question. Hepworth v. Ferry Co., 62 Hun, 257, 16 N. Y. Supp. 692, seems to be an authority upon the subject. That was an action to recover damages for an assault and battery committed by an agent of the ferry company. While the action was pending, the charter of the ferry company expired by its own limitation. The case came on for trial before Mr. Justice Cullen, and the point was taken that the action had abated, and did not survive the life of the charter. In disposing of the question the learned justice said:

"Nor do I think the rule of 'Actio personalis moritus cum personalis' applies to this case. The defendant was simply an artificial being. The claim which the plaintiff had was in reality against the property and assets of the corporation. It was from that that he was to obtain satisfaction. The property still remains, and is in the hands of the defendant trustees. It certainly would be inequitable to deprive the plaintiff of satisfaction of his claim, if

he has one, when, by the voluntary act of the real parties in interest,—the stockholders,—an end has been put to the corporation; for under the statute its corporate existence might have been continued had the stockholders seen fit to do so. I think, therefore, that it should be held that the cause of action survives, unless there be a controlling authority to the contrary; which I do not find."

And the learned judge concluded that, by virtue of sections 9, 10, tit. 3, pt. 1, c. 18, of the Revised Statutes, the cause of action was a liability within the meaning of such provisions, and that, as the remedy for the enforcement of the liability could only be against the property, the cause of action did not abate, but could be continued, and the property in the hands of the trustees made answerable for the recovery. It is evident that in this respect there exists a distinction between such a cause of action against an individual and one against a corporation. In the first, the action is in personam, and remedy for its enforcement may take the person; in the second, no person exists who can be reached, and the remedy is against the property solely. Upon appeal this case was affirmed (Hepworth v. Ferry Co., 62 Hun, 257, 16 N. Y. Supp. 692), the court holding that the tort stood upon the same basis as a contract; and that, as the Revised Statutes provided that upon dissolution of a corporation the directors should be trustees for the creditors and stockholders, the action could be maintained, and did not abate. The case was subsequently appealed to the court of appeals, where the appeal was dismissed. 131 N. Y. 645, 30 N. E. 867.

In Marstaller v. Mills, 143 N. Y. 398, 38 N. E. 370, the action was against the trustees of the creditors and stockholders of a domestic business corporation to recover damages for loss of services of plaintiff's son, who was injured by the negligence of the defendant. It was held in that case that such an action did not abate, as it was brought for the enforcement of a property right, and the plaintiff was, therefore, to be regarded as a creditor of the corporation. While this decision did not, in this view, in terms involve the question that a cause of action for tort in favor of an individual survives the dissolution of the corporation, or that such person stands in the relation of a creditor to it, we think, however, that there is a clear intimation in the opinion that such is the fact. Judge Gray says:

"If this had been the case of an individual wrongdoer, his death would not have caused the abatement of the cause of action for the wrong done by him to the property right or interests of the plaintiff. That case has been expressly provided for. and the action would be maintainable against his executors or administrators. 2 Rev. St. p. 447, §§ 1, 2. And see Cregin v. Railroad Co., 75 N. Y. 192. We do not think a discrimination has been intended in favor of corporations. The language of the section admits of the criticism that it fails to express clearly the intention that a liability upon tort is to be considered and met by the trustees; but, reading together section 5 of the business corporations law and section 30 of the general corporation act, the construction is permitted that all persons who have claims against the corporation, upon which it might be liable, should be regarded as actual or possible creditors."

It would seem as if this language expresses a clear intimation that in the statutes to which we shall hereafter call attention such liability is preserved, and survives the dissolution of the corporation.

The cases to which we have called attention were examined and construed by this court in Re Yuengling Brewing Co., 24 App. Div. 223, 49 N. Y. Supp. 12, and the conclusion was therein reached that a cause of action for personal injury did not survive the subsequent voluntary dissolution of the corporation and the appointment of a receiver, and that the court was without power to authorize a continuance of the action against the receiver of the corporation, as such an action was not brought within chapter 611 of the act of 1875, or within the business corporations law (chapter 691, Laws 1892). And the court therein expressly holds that, in the absence of express statutory authority, such an action does not survive against the defunct corporation. It assumes to distinguish the decision in Hepworth v. Ferry Co., supra, upon the ground that, the defendant therein being organized under the terms of a special charter, the language of such charter was sufficiently broad to authorize the continuance of the action, and therefore it might be said that it was maintained by express provision of law. As I read the Hepworth Case, however, I do not think such distinction sound. In that case, as we have already seen, liability was made to depend, not upon the provisions of the charter, but upon the provisions of the Revised Statutes, and in consideration of the fact that the only remedy for the enforcement of the judgment was against the property of the corporation. While the provision of the charter was adverted to in the prevailing opinion rendered at the general term, yet it is evident that the decision would have been the same had the charter contained no such provision. The Yuengling Case also lays hold of the expression of Judge Gray in Marstaller v. Mills, supra, wherein he says: "If provision has not been made in the statute law of this state whereby such a cause of action is preserved from abatement, the common-law rule would undoubtedly be in force, and the plaintiff's remedy would be gone." This language needs no construction, but it is quite evident that in the mind of the learned judge who wrote there existed a very strong impression, if it did not amount to a positive conviction, that such an action was maintainable under the statutory provisions. It may be assumed, therefore, that, in the absence of statutory authority, such an action abates, and that such is the result of the decision to which we have called attention.

Section 19 of chapter 40 of the Laws of 1848, under which this defendant was organized, provides:

"The legislature may at any time alter, amend or repeal this act, or may annul or repeal any incorporation formed or created under this act; and such amendment or repeal shall not, nor shall the dissolution of any such company, take away or impair any remedy given against any such corporation, its stockholders or officers, for any liability which shall have been previously incurred."

And by section 26:

"Every corporation created under this act shall possess the general powers and privileges and be subject to the liabilities and restrictions contained in title third of chapter eighteen of the first part of the Revised Statutes."

By section 9 of the Revised Statutes, to which reference is made, it is provided that upon the dissolution of any corporation, created

or to be created, the directors or managers of the affairs of such cor-
poration at the time of its dissolution shall be the trustees of the
creditors and stockholders of such corporation, with full power to
settle its affairs, pay debts, and divide the surplus, if any remains.
And by section 10 it is provided that such persons shall have au-
thority to sue for and recover the debts and property of such cor-
poration in the name of its trustees, and they are made jointly and
severally responsible to the creditors and stockholders to the ex-
tent of the corporate property and effects coming into their hands.
It is, therefore, evident that the provisions of section 19 of the act
of 1848 in express terms fasten liability upon the corporation, which
did not abate at dissolution, but remained intact, to be enforced
against its property, whether such claim arise out of tort or other-
wise; and, if such person is to be deemed a creditor of the corpo-
ration, the provisions of the Revised Statutes would clearly apply,
and the action could either be continued against the corporation or
its trustees; and in this view the language used in the Marstaller
Case, supra, has direct and pertinent application, for, as I read that
case, such a claim would constitute the person a creditor of the de-
funct corporation.   We start, therefore, with the proposition settled
beyond peradventure that these statutes preserved any liability that
may have been created against this corporation for such a claim
as the present, and, unless such liability has been taken away by
subsequent enactment, this action survives.   While the act of 1848
was thereafter amended by the legislature, nothing affecting these
provisions of the statute was adopted prior to the act of 1890, re-
lating, under various titles, to corporations, except as may possibly
be inferred from the provisions of chapter 611 of the Laws of 1875.
The act of 1875, as its title indicates, was an act to provide for the
organization and regulation of certain business corporations.   It
contained, in effect, a scheme for the organization of limited liability
business corporations, and differed radically from the provisions
of any prior act.   It did not, however, either by express provision
or by necessary implication, repeal the act of 1848 or its amend-
ments.   On the contrary, its necessary construction is that it in-
tended to leave unimpaired corporations theretofore existing by vir-
tue of general or special laws; for by section 32 permission was
given to any existing corporation to avail itself of the terms and
provisions of the act, and points out the steps necessary to be taken
in order to bring such corporations within its terms.   It was in no
sense mandatory, and it rested entirely in the voluntary choice
of the corporation to avail itself of its provisions or not, as it chose.
It is clear, therefore, that the intent was to leave existing corpora-
tions as they were found when the act took effect, without change
or disturbance in the law or charter under which they were organ-
ized.   This act, therefore, in no wise modified the rights and liabili-
ties of this corporation as provided by the act of 1848.   By section
38 of the act of 1875 it is provided in terms that the dissolution of
a corporation for any cause whatever shall not take away or im-
pair any remedy given against it, its stockholders or officers, for any
liabilities incurred prior to its dissolution.   So far, therefore, as this

act is concerned, no change is wrought in the status of this corpo-
ration, and such status continued to be and remain the same down
to 1890, as no change was made in the law affecting the present ques-
tion during that period.

In 1889 this state entered upon the policy of a revision of its laws
relating, among others, to the organization, government, and con-
trol of business corporations other than banks, banking and trust
companies, and municipal corporations. The governor was author-
ized in that year to appoint three persons commissioners to revise
and consolidate the laws relating thereto, among others. The acts
of these commissioners thus appointed to a considerable extent have
found their way into legislative enactments. It is to be borne in mind,
however, that these commissioners were not appointed to construct
new schemes for corporate government, but were expected to revise
and consolidate existing statutes covering the subjects mentioned
in the act. This consideration has pertinent application to the pres-
ent question, as it was evidently the intent of the legislature that
no change should be made respecting the rights and liabilities or
the general character of these corporations, but that such laws should
be revised by striking therefrom obsolete requirements and unneces-
sary provisions inapplicable to changed conditions; and it is safe
to say that the character of the duties imposed upon the commis-
sioners indicated an intent to retain all the rights and liabilities
which were essential and necessary to the life and well-being of the
corporation and for the protection of the rights of all persons having
dealings with them. It would be strange, indeed, if there could be
spelled out of legislative action in respect to these matters any in-
tention to relieve corporations from liabilities incurred during their
corporate life at the time of their dissolution. Such a proposition
is so startling as to call for its instant rejection. In consideration,
therefore, of the statutes which have been passed as the result of
revision and consolidation, we are to bear in mind such intent; and,
as we shall hereafter see, it rests not alone in mere general implica-
tion, but is found expressed in terms and variety of form through-
out all the legislation which has been had upon the subject. This
brings us to a consideration of the acts themselves, to find, if we
may, whether the salutary provisions of law which fastened lia-
bility, and which at least existed prior to their passage, have been
wiped out and swept away. In 1890 the commission reported to the
legislature, and it adopted chapter 563, which has become known as
the "General Corporation Law"; also chapter 564, known as the
"Stock Corporation Law," and chapter 567, known as the "Business
Corporations Law." These acts all took effect May 1, 1891. By
the terms of these acts, as appears from the language used and the
schedule of repealed laws at the close of each, it was clearly re-
garded that the provisions of the act of 1848 prior thereto were
in existence, at least so far as sections 19 and 26 of that act were
concerned. The general corporation law, as appears in the schedule
of laws repealed, embraced sections 4, 7, 9, and 26 of chapter 40 of
the Laws of 1848, and sections 2, 4, and 27 of chapter 611 of the
Laws of 1875; also all of part 1, c. 18, tit. 3, of the Revised Stat-

utes, except section '5. The stock corporation law repealed, among numerous of its sections, section 19 of chapter 40 of the Laws of 1848, and numerous sections of chapter 611 of the Laws of 1875; and it also repealed section 5 of the Revised Statutes, mentioned above. This repealed the whole of part 1, c. 18, tit. 3, of the Revised Statutes. The business corporations law repealed sections 1 and 2 of chapter 40 of the Laws of 1848, and numerous sections of chapter 611 of the Laws of 1875. Section 25 of the general corporation law provides that the provisions of that chapter, so far as they are substantially the same as those of laws existing on April 30, 1891, shall be construed as a continuation of such laws, modified or amended according to the language employed in this chapter, and not as new enactments. And by section 19 are re-enacted substantially the provisions of the Revised Statutes which are repealed, and by this provision is continued the liability of the trustees to creditors and stockholders, and power is continued in them to settle the affairs of the corporatioñ. In section 72 of the stock corporation law is contained the same provision with respect to the construction of its language as is contained in section 25 of the general corporation law. This is the only provision of this act bearing upon the present subject, except that contained in the repealing schedule; and it relates alone to the rule of construction which is to obtain. By section 23 of the business corporations law such construction is made applicable to it; and by section 6 the liability of a corporation is continued in the following language:

"The dissolution of any such corporation for any cause shall not take away or impair any remedy against it, its stockholders or officers, for any liability incurred previous to its dissolution."

It is said, however, that, as this defendant did not avail itself of the provisions of chapter 611 of the act of 1875, and as it did not re-incorporate under the business corporations law, such provision has no application in the determination of its present status respecting this question. We are somewhat at a loss to discover just what provisions of law, under the revisions which were had in the law of 1890, apply to corporations incorporated under the act of 1848 and its amendments, and which did not avail themselves of the act of 1875. There is nothing in express language in the general corporation law, or in the stock corporation law, or in the business corporations law, which in terms says that such acts apply or do not apply to such corporations. Which particular title applies is wholly and entirely a question of construction. It may be said that it is quite probable that such corporations were intended to be embraced within the first two titles, as the provisions thereof embrace much of the prior acts applicable to such a corporation; but the same thing is equally true of the business corporations law, and, as the rule of construction in express terms regards each enactment as a re-enactment of existing laws so far as the language is the same, and not inconsistent in application of it to such a corporation, it is regarded as applying to it. So far as section 6 of the business corporations law is concerned, it is in substance, and almost in identical language, the same as section 19 of the act of 1848. It is also the

same in substance as section 38 of the Laws of 1875.  But it cannot be said to be taken from one act any more than the other.  Nor is there anything in the enactments themselves which throws light upon this question.  Each enactment repeals and re-enacts, in somewhat different form, provisions of the Laws of 1848 and of 1875, as both acts are mentioned, and parts repealed, in the schedules attached to each enactment.  But we are not left in doubt as to the proper construction of this clause of section 6 of the business corporations law, or of its scope.  It is said in Marstaller v. Mills, supra, that it was taken from the act of 1875, as we have seen.  It is equally accurate to say that it was taken from section 19 of the act of 1848.  But it is clear that it is to receive force, so far as applicable to either class of corporations, whether those existing by virtue of the provisions of the act of 1875 or prior enactments. Judge Gray says:

"Although it was inserted in connection with a provision made for the event of a failure to pay in the capital stock, its language is too comprehensive to warrant us in attributing any other legislative intent than what the plain reading conveys.  Inartificial as may be the insertion of this clause in the section, it cannot be qualified by what precedes, and it reaches beyond the contingency of the particular dissolution previously referred to, and applies to any—that is, to every—case of corporate dissolution."

This language, taken in connection with the rule of construction embraced in each one of the several enactments revising these laws, seems to admit of no other conclusion than that this section was intended to and does apply to all business corporations existing prior to the revision.  This view is also re-enforced by the provisions of section 32 of the statutory construction law, which provides:

"The provisions of a law repealing a prior law, which are substantial re-enactments of the provisions of the prior law, shall be construed as a continuation of such prior law, and not as new enactments."

And this construction has been applied to uphold an existing obligation created by a prior law, even though the new enactment did not continue the provision in force as to new acts.  In re Prime's Estate, 136 N. Y. 347, 32 N. E. 1091.  It is perfectly evident by the carefully drawn rules of construction that it was the policy of the legislature in making the revision to save every right and liability possessed by every corporation which existed in this state according to law, no matter under what act created.  By section 24 of the general corporation law of 1890 the most comprehensive language is used to save every right and liability which existed prior to the act's taking effect.  And if it had been subsequently held—as seems to be the doctrine of the Hepworth Case, supra—that the provisions of the Revised Statutes embrace such claims as are presented in this action within the term "creditor," the provisions of sections 19 and 20 of the general corporation law would have clearly saved this liability.  The Yuengling Case, however, discredits this view, but, inasmuch as the evident intent was to continue the obligation, we may lay hold of any of these enactments which continue the provisions of the prior law, no matter where they are found, unless clearly inconsistent; and by the express declaration of the court of

appeals section 6 of the business corporations law may thus be laid hold of, and made applicable to this corporation. The intent existing to continue the obligations, the rules of law for the construction of statutes authorize such a result. People v. Commissioner of Taxes of New York, 95 N. Y. 554, 558; End. Interp. St. § 433; Black, Interp. Law, p. 335, § 123. These laws were again revised and amended by Laws 1892, cc. 687, 688, 691. These laws again repealed the whole of Act 1848, c. 40, and all of chapter 611, Laws 1875, and also the provisions of the Revised Statutes referred to in section 26 of the act of 1848. No change, however, was made in the provisions which we have considered. The legislature was again careful to re-enact in section 35 of the general corporation law the saving clause contained in the act of 1890, while in section 36, immediately following the saving clause, is a much broader construction clause than existed in the prior act. It reads:

"Sec. 36. Construction.—The provisions of this chapter, and of the stock corporation law, the railroad law, the transportation corporations law, and the business corporations law, so far as they are substantially the same as those of laws existing on April 30, 1891, shall be construed as a continuation of such laws modified or amended according to the language employed in this chapter, or in the stock corporation law, the railroad law, the transportation corporations law, or the business corporations law, and not as new enactments."

And in a subsequent provision of this section the legislature is again careful in the most comprehensive language to save every right and obligation existing in favor of or against any corporation created by special laws prior to the passage of the act of 1890.

As I view this case, therefore, it does not seem possible to give full force and effect to the legislative provisions and the evident intent of the legislature, and hold that this obligation against this corporation did not survive the termination of its charter. There are some expressions in the Yuengling Case which are not easily harmonized with this view. But the provisions of section 19 of chapter 40 of the Laws of 1848 seem to have been entirely overlooked. They are not adverted to in either opinion delivered in that case. As it was in fact repealed and in fact re-enacted by the act of 1890, and continued in the act of 1892, and as this corporation was then confessedly in existence, and made subject to these laws, and as the court of appeals has declared that such re-enacted provision "applies to any—that is, to every—case of corporate dissolution," it must, of necessity, if force is to be given to language, be held that such provision is applicable to this corporation. It follows, if these views are correct, that this order was proper, and it should, therefore, be affirmed, with $10 costs and disbursements.

O'BRIEN, J., concurs.