The People of the State of New York, *v.* The Knicker-
    bocker Life Insurance Company, Charles H. Russell,
    Receiver, etc., Appellant, Pleasant H. Pendleton et al.,
    Respondents.

Before the dissolution of the defendant by the judgment in this action and the appointment of a receiver of its property, a judgment had been recovered against it in a United States Circuit Court upon a policy of insurance theretofore issued by it. Defendant had taken the case, by writ of error, to the United States Supreme Court for review, had given a bond with sureties, and had given as indemnity to the latter a mortgage upon certain of its property and an assignment of a mortgage. The receiver, on application to the court which appointed him, was directed to employ counsel to argue the cause on hearing of the writ of error. The judgment was reversed and a new trial granted. Subsequently the plaintiffs in that action took judgment by default. The receiver was never made a party thereto and took no part in the conduct of the defense. Said judgment was presented as the basis of a claim to a share in the funds of the dissolved corporation in the

hands of the receiver, and it was claimed that the receiver was concluded thereby. *Held*, that as to the defendant of record, its dissolution put an end to the action, and at the time of the rendition of the judgment it had no property against which a judgment could be enforced; that the receiver could not be affected by said judgment unless he had by some action, under the direction of the court appointing him, made himself responsible for the final result; that his intervention in the United States Supreme Court did not make him so responsible, as it was simply for the purpose of protecting the assets in his hands from an incumbrance which had no connection with the subject-matter of the litigation, and the reversal of the judgment ended his connection with the action, and the parties litigant were thereby restored to the same position in which they were prior to its rendition; that the United States Circuit Court acquired no jurisdiction over him or over the funds sought to be reached by its adjudication; and that therefore, the receiver was not estopped by the judgment.

*Castle* v. *Noyes* (14 N. Y. 329), and *Jay* v. *De Groot* (2 Hun, 205), distinguished.

*People* v. *Knickerbocker L. Ins. Co.* (43 Hun, 574), reversed.

(Argued June 22, 1887; decided October 4, 1887.)

Appeal by Charles H. Russell, receiver of the defendant, the Knickerbocker Life Insurance Company, from an order of the General Term of the Supreme Court in the first judicial department, made April 23, 1887, which reversed an order of Special Term disallowing the claim of Pleasant H. Pendleton and others to a share in the assets in the hands of the receiver. (Reported below, 43 Hun, 574.)

The nature of the claim and the material facts are as follows: The Knickerbocker Life Insurance Company was dissolved in December, 1882, by a decree of the Supreme Court of this State, and the appellant appointed receiver of its property. Prior to that time a judgment had been rendered against the company, by the Circuit Court of the United States, for the Western district of Tennessee, in favor of Pleasant H. Pendleton and others, upon a policy of insurance theretofore issued by it. The company sued out of the Supreme Court of the United States a writ of error for its review, and in that proceeding gave a bond with sureties. The receiver, having ascertained that the company had given these sureties a mortgage upon certain portions of its property

in the State of New York, and an assignment of a mortgage covering other property, by way of indemnity against liability on the bond, reported these facts to the court, whose officer he was, and, under its direction, employed counsel to argue the cause upon the hearing of the writ of error. A decision was afterwards made, reversing the judgment and awarding a new trial. But before the mandate was sent down it was discovered that the citation had been irregularly issued, inasmuch as it had been addressed to only one of the four parties who were plaintiff's below, and the Supreme Court, of its own motion, made an order requiring the parties to the writ of error to show cause why the decision should not, for that reason, be vacated and set aside, and the writ of error dismissed. Whereupon the receiver by petition, stating to the court his ignorance, until that time, of the proceedings in question, asked that by amendment the irregularity might be cured, so that the decision should stand and the mandate of the court issue. As a reason for his interference, he stated in his petition that, " upon taking charge of the property of the company," he found it incumbered by the mortgages and assignment above referred to, " and that all of said property remained incumbered thereby, awaiting the issuance of the mandate of the court."

The request was granted, and after reargument the mandate of the court was issued pursuant to the original decision. The receiver was never made a party to the record in either court; nor did he in any way take part in the conduct of the defense, nor did he control or direct it in any way. Subsequently, and on the 25th of January, 1886, the plaintiffs in the action took judgment by default against the company for $17,560.12 damages, besides costs, and presented that judgment as the sole, but as they claim conclusive, basis of a right to share in the funds of the dissolved corporation in the custody of the receiver. The claim so made was sent by order of the court to a referee to determine as to its validity, and he, upon the facts above stated, reported (1) that the judgment was without jurisdiction so far as the assets under the control of the

court were concerned; (2) that the claim was not a valid charge, nor entitled to a distributive share of them. His report was confirmed by the Special Term, but its order to that effect was reversed by the General Term of the Supreme Court and an order made that the receiver allow the claim as valid against the assets of the company, and pay the same in the due course of the administration of his trust.

*Leslie W. Russell* for appellant. The judgment rendered by the United States Circuit Court of Tennessee is not conclusive against the receiver. (*In re Norwood*, 32 Hun, 196; *McCulloch* v. *Norwood*, 58 N. Y. 562; *Sturges* v. *Vanderbilt*, 73 id. 384; *Mumma* v. *Potomac Co.*, 8 Pet. 286.) Judgments, such as the one under discussion, are not within the provisions of the Federal Constitution, declaring (art. 4, § 1) that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." (*In re Norwood*, 32 Hun, 196, 199.) The Massachusetts court had jurisdiction of the subject-matter and the persons holding it, and could make a valid judgment without acquiring jurisdiction of either the defunct corporation or its receivers. (*Hibernia B'k* v. *Mech's B'k*, 21 Hun, 166; *Kelly* v. *Crapo*, 45 N. Y. 86.) In cases like the present it is the peculiar province of the court having the funds in its possession to determine for itself all rights to the fund. (*O'Mahoney* v. *Belmont*, 62 N. Y. 133, 149.) The record of the United States Circuit Court of Tennessee does not in any manner show that that court acquired jurisdiction of the person of the receiver. It is not competent to prove by parol evidence, in aid of the record, that the court did obtain such jurisdiction. (*Noyes* v. *Butler*, 6 Barb. 613.) The appearance of the receiver's counsel before the Supreme Court, to object to the validity of the judgment, is not an appearance which can bind him to further litigate the matter, nor can he be bound by any judgment subsequently rendered in the action, unless the court which renders such judgment acquired by some proper proceeding jurisdiction of the person of the

receiver. (*Cruger* v. *Hudson R. R. R. Co.*, 12 N. Y. 190.) No judgment of the Circuit Court of Tennessee could be binding upon the receiver, as a non-resident of that State, without personal service of the process upon him. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

*A. Walker Otis* for respondents. The receiver, by participating in the litigation and accepting the benefits of the same, is bound by the result thereof. (*Castle* v. *Noyes*, 14 N. Y. 329; *Jay* v. *De Groot*, 2 Hun, 205.) The position taken by the receiver is untenable. That what he did in the cause is analogous to what a litigant may sometimes do under a special appearance is untenable. (*Habich* v. *Folger*, 20 Wall. 1.)

Danforth, J. We think the appeal should prevail. As for the defendant of record, its dissolution put an end to the action; and at the time of the rendition of the judgment it had neither legal existence, capacity to be sued, nor any property against which a judgment could be enforced, while the receiver, who by authority of law had taken its effects, had not been made a party to the action in which the judgment was recovered. It is, therefore, plain that the funds in his hands should not be affected by it, unless by interference or otherwise, under the direction of the court appointing him, he has made himself responsible for the final result of the litigation between the parties. (*McCulloch* v. *Norwood*, 58 N. Y. 563.) His authority to do the acts relied upon by the respondents was derived from the court from whom he received his appointment, and its exercise was necessary for the protection of property which had come to his hands. He was directed to argue, for the plaintiff in error, the case as it was presented to the appellate court, and he was allowed to intervene for the mere purpose of protecting such interest as he might have, and for the purpose of being heard on the argument. He had nothing to do with any proceeding in the action, nor with the cause of action. He was confined to the record of those proceedings, and could only submit

the judgment of the inferior tribunal to re-examination.   He was required to do this because of his interest in the property held by the sureties, and his duty to protect it as increasing, if their lien was discharged, the assets in their hands.   He would also, it may be assumed, have been bound by the judgment rendered by the Supreme Court, had it been adverse to the plaintiff in error.   But the writ of error asserted no claim or demand in behalf of the plaintiff in error.   It could not in any way act upon the parties; it acted only upon the record ; and because, as the result shows, the receiver successfully pointed to errors in the record which required the reversal of the judgment, it is now claimed that he is bound by a judgment upon the merits, rendered upon a trial in which he did not participate, in an action to which he was not a party and over which he neither exercised nor assumed control.   There is no equity in such a result, and it is not required by the cases cited by the respondent, viz. : *Castle* v. *Noyes* (14 N. Y. 329), and *Jay* v. *De Groot* (2 Hun, 205). In the first case the master in person was a party in one action, and in the other his servant; but the master conducted the proceedings as was his duty, and the decision was put upon the familiar doctrine that the judgment of a court of competent jurisdiction upon a question directly involved in the suit is conclusive in a second suit between the same parties, depending on the same question.   It can have no application here, where the question is whether the appellant was a party in fact.   In the second there was a motion in a foreclosure case to enter judgment for deficiency.   It had been once made and denied.   The appealing party, although not a party to the record, was a party in interest, and had been heard both by affidavit and counsel, and for that reason was held to have been an actual party to the motion, and subject to the rule that a motion once decided is final, unless leave is given to renew.   If the appellant were asking to reargue the questions disposed of on the writ of error, the general rule thus stated might apply, he having been once heard.   Such, however, is not the object of the present proceeding.   The reversal

destroyed the effect of the judgment, and the original cause of action was no longer merged, but let loose, and the parties litigant were restored to the same condition in regard to it in which they were prior to its rendition. The subsequent trial and judgment concerned that, and had nothing to do with the writ of error. As to the cause of action, the receiver has not only not been heard, but he had no right nor opportunity to be heard respecting it. The sole object and reason of his intervention on the hearing of the writ of error was to protect the property in his hands from an incumbrance which had no connection with the subject-matter of litigation in the original suit, but which grew out of a distinct and collateral act of the company after judgment in that suit, and in aid of its endeavor to avoid it. With those proceedings the court in Tennessee had nothing to do. The receiver committed no act within its jurisdiction, nor was the property which he sought to release ever under its control. It at no time acquired jurisdiction over him, nor over the funds now sought to be reached by force of its adjudication, and we are unable to find any ground upon which the case before us can be made an exception to the general rule that a person is not estopped by a judgment to which he is not a party.

The order appealed from should, therefore, be reversed, and the order of the Special Term affirmed, with costs of the appellant in all courts to be paid by the respondent.

All concur.

Ordered accordingly.