(19 App. Div. 454.)

### PEOPLE ex rel. GROGAN v. GLASS.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. POLICE JUSTICE—NONRESIDENCE—VACATION OF OFFICE.
　　The incumbent of the office of police justice of the town of Watervliet, at the time the city of Watervliet was set off from such town, being then a resident within the territory included in the city, ceased to be a resident of the town, or to hold the office of police justice, or to be entitled to its emoluments.

2. SAME—DECLARATION OF VACANCY.
　　It is not necessary that there should be a formal declaration of the existence of a vacancy in an office the incumbent of which has ceased to be a resident of the state, or of the political subdivision thereof where he is required to reside.

Appeal from special term, Albany county.

Application by the people, on the relation of Patrick Grogan, as police justice of the town of Watervliet, for a writ of mandamus against Edwin G. Glass, as supervisor of the town of Watervliet, commanding him to pay Patrick Grogan certain moneys claimed to be due him as police justice. Writ granted, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, PUTNAM, and MERWIN, JJ.

Dyer & Ten Eyck, for appellant.
Lewis E. Griffith, for respondent.

PARKER, P. J.   From the record upon which this matter comes before us it appears that the town of Watervliet has not been entirely abolished by the legislation which has set off from its original territory two towns and one city, but that it is a town still in existence, with its officers and municipal organization still intact.   It cannot be said, therefore, that the relator is not entitled to the salary which he claims because the office of police justice of that town has been abolished.   But it does appear from the record before us that the relator is, and ever since its incorporation has been, a resident of the city of Watervliet.   That city was created out of territory formerly belonging to the town of Watervliet.   And, by the act of the legislature so creating it, it is expressly provided that the boundary of the town of Watervliet is so changed that no part of it shall be included within the city of Watervliet.   ·See section 2, tit. 13, c. 905, Laws 1896.   It appears, therefore, that since August 1, 1896,—the date when that act took effect,—the relator has not been a resident of the town of Watervliet.   By operation of that act, the place where he then and still resides was taken from the town, and placed within the city of that name.   By chapter 681, art. 2, § 20, subd. 4, Laws 1892, it is provided that "every office shall be vacant upon the incumbent's ceasing [before the expiration of his term] to be an inhabitant of the state, or if he is a local officer, of the political subdivision or municipal corporation of which he is required to be a resident when chosen."   The office of police justice of the town of Watervliet was created by chapter 93 of the Laws of 1877, and by section 3 of that act it is provided that the police justice shall be a resident elector of that town.   By the plain provisions of the act above cited, therefore, the relator, by continuing to reside in the city of Watervliet, caused the office of police justice of that town to become vacant, and he himself ceased to be such officer.   He could not continue to reside in that city, and still hold the town office.

It was urged upon the argument of this case that the office would not become vacant until it was so declared by competent authority. We are not cited to any decision to that effect, nor have I been able to find any.   The language of the statute is explicit.   The office "shall be vacant upon the happening" of the event.   By section 26 of the same article it is provided that "whenever a public officer shall cease to be a resident of the municipal corporation in which he is required

to reside," etc., the clerk of the county shall immediately give notice of the fact to the governor. If the governor is not authorized to fill the "vacancy," he shall forthwith give notice "of the existence of such vacancy" to the officers or body authorized to fill it. Here is a plain recognition that a vacancy exists to be filled as soon as the officer ceases to be a resident. And in the face of these two sections there does not seem to be any reason for holding that a vacancy does not exist until some authority other than the statute has decided that it does. People v. Common Council of the City of Brooklyn, 77 N. Y. 503, 509; Cronin v. Stoddard, 97 N. Y. 271, 274.

It is suggested that the provisions of section 6 of article 13, above cited, continued the relator in his office, notwithstanding he had ceased to reside within the limits of his town. If that section could be deemed to at all affect the question, it is operative only until January 1, 1897, and could not, therefore, affect his claim to salary accruing after that date. That the legislature had authority, by dividing the town, to render the relator a nonresident of it, and thereby deprive him of his office, is decided in People v. Morrell, 21 Wend. 563. The conclusion therefore is that, the relator having ceased to be a resident of the town, his office became vacant, and he himself ceased to be entitled either to perform its duties or to enjoy its emoluments. Under such circumstances, the mandamus directing that he be paid the salary appurtenant to that office was unwarranted, and the order allowing it should be reversed.

Order reversed, and application for a mandamus denied, with $10 costs and disbursements of this appeal, and with $10 costs of the motion in the court below.

PUTNAM and MERWIN, JJ., concur.

LANDON, J. Although the acts which created two towns and one city from the territory formerly comprised within the town of Watervliet imply that there is a residuum of territory not taken, and therefore still forming the town of Watervliet, it is clear from the admissions of counsel for both parties that such residuum cannot be found, that it does not exist in fact, and therefore the town of Watervliet no longer exists. For this reason, as well as for those stated by the presiding justice, I concur in reversal.