Town of Watervliet, Respondent, *v.* Town of Colonie, Appellant. City of Watervliet, Appellant.

*Town of Watervliet — it did not survive its division into the towns of Green Island and Colonie and the city of Watervliet — action discontinued on motion.*

The clear intention of the Legislature, as expressed in chapter 975 of the Laws of 1895, and chapters 811 and 905 of the Laws of 1896, was to extinguish the existing town of Watervliet and to create from its territory and population the towns of Green Island and Colonie and the city of Watervliet, and the fact that a few uninhabited strips of land, not exceeding three acres in extent, were neither included in the two new towns nor in the boundaries of the city of Watervliet, which was created after the two new towns, is insufficient to afford a basis for the contention that the old town of Watervliet still exists, and to justify an action in its name against one of the new towns to enforce a settlement of the assets and liabilities which belonged to or devolved upon each at the time that the new town was created from the old one.

The fact that, in the act creating the city of Watervliet (Chap. 905 of the Laws of 1896), reference is made to the town of Watervliet as an existing town in the words, "The balance of said towns (*i. e.,* Watervliet and Colonie), not included within the boundaries of said city, shall respectively be separate and distinct towns," creates no presumption that the Legislature intended that the town of Watervliet should still continue, notwithstanding the creation of the

two towns and the city, where it appears that neither the bill creating the town of Green Island, nor that creating the city of Watervliet, had been approved by the Governor when the Legislature adjourned, and that it was consequently uncertain at the time the latter bill was passed whether the act creating the town of Green Island would ever become a law, and the language in question must be construed as providing for such a contingency.

In view of the definition of a town, contained in section 2 of chapter 569 of the Laws of 1890, the intention cannot be imputed to the Legislature of continuing such shreds of territory in existence as a town.

The question of the continued existence of the old town may properly be determined upon a motion to discontinue the action, as a defendant should not be compelled to contest an action against a plaintiff which is not an existent entity.

APPEAL by the defendant, the Town of Colonie, and by the City of Watervliet, brought in as a defendant by order of the court, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 19th day of October, 1897, denying a motion made by the defendant for an order discontinuing the action and enjoining the plaintiff's attorney from its further prosecution, upon the ground that the town of Watervliet had ceased to exist, and that there are no persons or parties by whom or for whom the action can be revived.

The defendant also moved that, in case the action be not discontinued as above asked for, the town of Green Island and the city of Watervliet, and each of them, be made parties defendant. This part of the motion was granted. The defendant and the city of Watervliet appeal from the whole order. The town of Green Island unites in the appeal upon the argument.

*George L. Stedman,* for the town of Colonie, appellant.

*John H. Gleason,* for the city of Watervliet, appellant.

*William F. Hickey,* for the town of Green Island.

*Edward J. Meegan,* for the respondent.

LANDON, J.:

This action was brought by the former town of Watervliet against the town of Colonie to enforce a settlement of the assets and liabilities belonging to or devolving upon each town at the time Colonie was set off from Watervliet. Since that division what was then left

of the town of Watervliet has been again divided, and one part of it erected into the town of Green Island, and the city of Watervliet also erected out of the whole or the greater part of the remainder. The question upon which this appeal depends is not whether the plaintiff has a capacity to sue, but whether the plaintiff exists. When this action was commenced the town of Watervliet existed, but the contention of the appellants is that a few days thereafter it ceased to exist. We think the defendants should be permitted to show if they can, before they are forced to a trial, that they have no adversary. For, if they have none, if the name that stands in the place of a plaintiff is not of an existent entity, then the defendants are trifled with, the court imposed upon, and whatever judgment might be rendered would be void, since there can be no real litigation and no real judgment except between adversary parties. *Ex nihilo, nihil fit.*

For this reason the dissolution of a corporation terminates an action by or against it, unless some statute provides for its continuance by or against its successor or representative. (*McCulloch* v. *Norwood,* 58 N. Y. 562; *People* v. *Knickerbocker Life Ins. Co.,* 106 id. 619; *Hepworth* v. *Union Ferry Co.,* 62 Hun, 257; *National Bank* v. *Colby,* 21 Wall. 609.)

It is urged that the question of the plaintiff's existence should be determined upon the trial. But if the plaintiff does not exist between whom would be the trial? Here the question is between the defendants and an attorney of the court who is retained by persons who were officers of the town of Watervliet. The court can command its attorney to discontinue the prosecution. It can make no order against the town of Watervliet if the town is no more. If it should decide upon the trial that there is no town of Watervliet, it must stop there. Here it can order its officer to stop.

Besides, whether the town of Watervliet exists, whether its late officers exist, whether it has any representative, whether it has any interests whatever, are questions of law to be determined upon the statutes and a few uncontradicted facts. It is not perceived that any trial can change the situation.

We proceed to inquire whether the town of Watervliet exists.

The town of Watervliet, organized in 1788, embraced within its boundaries the territory subsequently organized into the villages of

West Troy and Green Island. By chapter 975, Laws 1895, taking effect June 7, 1895, the town of Colonie was formed out of that part of the town of Watervliet " not included within the limits of the village of West Troy and of the village of Green Island." The act provided that " all the rest and residue of the said town, consist-ing of the villages of West Troy and Green Island, shall be the town of Watervliet."

By chapter 811, Laws 1896, taking effect May 21, 1896, " all that part of the present town of Watervliet in the county of Albany, which is contained within the following boundaries " (then follow the boundaries, the same being identical with those given in chapter 564, Laws 1874, being " An act to amend an act, entitled ' An act to incorporate the village of Green Island and for other purposes, passed May twelfth, eighteen hundred and sixty-nine,' ") " is hereby separated from the part of said town now included within the vill-age of West Troy in said county of Albany, and is hereby erected into a new and separate town, and shall hereafter be known and distinguished as the town of Green Island." " All of the remain-ing territory embraced within the limits of the said town hereby divided and consisting of the said village of West Troy shall be the town of Watervliet."

By chapter 905, Laws 1896, taking effect August 1, 1896, " all that tract or territory of land in the present towns of Watervliet and Colonie in the county of Albany and state of New York, included within the following boundaries, is hereby constituted a city, which shall be known as ' the city of Watervliet.' " Then follow the boundaries. From a survey made of these boundaries, it appears that there are a few small uninhabited strips of land, formerly sup-posed to be within the village of West Troy, which are not embraced within the boundaries given in chapter 905, and hence it is contended that the town of Watervliet still exists. These detached strips of land do not exceed three acres in their aggregate.

We should construe these acts to give effect to the legislative intent. The effect of the three acts as consummated by the final act of municipal construction was to abolish or extinguish the old town of Watervliet, and to erect from its territory and population three municipal corporations, namely, the towns of Colonie and Green Island and the city of Watervliet.

It is plain that, after the towns of Colonie and Green Island had been created, the town of Watervliet consisted of nothing more than the village of West Troy. Then the final act created the city of Watervliet by taking the village of West Troy and adding to it a small part of the town of Colonie. The territorial difficulty seems to be that the surveyor, in trying to locate the boundaries of the new city, was unable to embrace within its limits sundry small strips of uninhabited land, aggregating about three acres, which he assumes formerly were embraced within the village of West Troy. But it appears that the former boundaries were, in some slight respects, uncertain and disputed. In view of the slight disparity in boundaries, the intention of the Legislature should prevail and effect be given to it. Since the towns of Colonie and Green Island were first created, and no dispute existed as to their respective boundaries, the boundaries of the city of Watervliet should be deemed to extend to, and coincide with, the boundaries of these towns, in such way as to embrace these intervening strips of territory. Such was the legislative intent, and it should not be defeated by slight inaccuracies in description, if any such be found.

It is true that, in the act creating the city of Watervliet, reference is made to the town of Watervliet as an existing town, thus: "The balance of said towns (*i. e.,* Watervliet and Colonie) not included within the boundaries of said city, shall respectively be separate and distinct towns." From this and some other expressions in the act, it is contended that since the towns of Colonie and Green Island existed when this act created the city of Watervliet, the Legislature intended that the town of Watervliet should still continue, notwithstanding the creation of the two towns and one city. But chapter 811, Laws of 1896, creating the town of Green Island, was approved by the Governor on May 21, 1896, and chapter 905, creating the city of Watervliet, was approved May 26, 1896. It appears from the record before us that both bills were in the hands of the Governor when the Legislature adjourned, and it happened that he approved the bill creating the town of Green Island five days before he approved the bill creating the city of Watervliet.

Therefore, when the act creating the city of Watervliet was passed by the Legislature, it was uncertain whether the act creating the town of Green Island would ever become a law. We must, there-

fore, construe such expressions in the act creating the city of Watervliet as speak of the town of Watervliet as a town thereafter to continue, as used in ignorance of the fact that the bill creating the town of Green Island would ever become a law. If the latter bill had not become a law, the town of Watervliet would have still existed, but, as it did become a law, the conditions upon which the town of Watervliet might have continued to exist ceased, and, therefore, its existence ceased.

The Town Law (Chap. 569, Laws of 1890, § 2) declares : "A town is a municipal corporation comprising the inhabitants within its boundaries, and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as have been or may be conferred or imposed upon it by law." The intention cannot be imputed to the Legislature to continue the existence of a town composed of detached overlooked shreds of territory destitute of inhabitants.

From this definition it seems to follow that, whatever interests or rights the town had, it had for the public purposes of its organization and government; that is, for the benefit of its inhabitants, and incidentally of the people of the State ; and that, when the State dissolved it and replaced it by new municipal corporations, such new corporations succeeded to its governmental property not less than to its governmental powers, and, hence, there seems to be no necessity for perpetuating the existence of the town or its officers in order to wind up its affairs. They seem to be transferred to other authorities (*Bronx Gas & El. Co.* v. *Mayor, etc., of New York,* 17 Misc. Rep. 433.) The contention that its former officers exist for the purpose of winding up its affairs, under the provisions applicable to private corporations, does not seem to be well founded.

The power of the Legislature to dissolve a town and incorporate its territory and inhabitants in new political divisions is conceded by counsel. We do not think it can be challenged successfully. (*Matter of Gertum* v. *Board of Supervisors,* 109 N. Y. 170; *Bronx Gas & El. Co.* v. *Mayor, etc., of New York, supra.*)

The town of Watervliet ceased to exist August 1, 1896, when the city of Watervliet came into existence.

Nor can a town act except through its officers. We held in *People ex rel. Grogan* v. *Glass* (19 App. Div. 454), where the record as

to the residuum of territory was less clear than that now presented, that, assuming there was a town, its officers vacated their offices by ceasing to be inhabitants of it.

The late town has no representative. The new municipal corporations created in its place may be its successors in interest and obligation, but they cannot be compelled upon motion in the name of a nonentity to continue this prosecution, much less to expose their interests to an adverse litigation controlled by private interests managed in such name and without responsibility.

The order should be reversed and the motion to discontinue granted, but as the action seems to have been properly commenced, without costs.

All concurred, except HERRICK, J., not acting.

Order reversed and motion to discontinue granted, without costs.