(43 Misc. Rep. 140.)

## In re BUHLER.

(Supreme Court, Special Term, Kings County. March, 1904.)

1. OFFICERS—COURT CRIER—ELIGIBILITY—TERMINATION.

Under Public Officers Law (Heydecker's Gen. Laws, pp. 451, 457, c. 7) §§ 3, 20, providing that no person shall hold a legal office unless he be a resident of the municipal corporation or local subdivision within which his official functions are to be exercised, and that the office shall become vacant by his ceasing to be such a resident, the office of crier of the courts of record of Queens county became vacant where that part of the county in which the officer lived when appointed was subsequently set off as Nassau county; the officer continuing to reside in the same place.

Application by John Buhler for a writ of mandamus to Burt J. Humphries, county judge of Queens county, to compel the reinstatement of petitioner in the office of crier to the courts of record of said county. Application dismissed.

Thomas F. Magner, for application.

John B. Merrill, opposed.

GAYNOR, J. The petitioner was appointed crier of the courts of record of Queens county by the county judge, under section 91 of the Code of Civil Procedure, and served as such until January 2, 1904, when he was removed without charges by the respondent, who is county judge. He was a public officer. Throop on Pub. Officers, c. 1; Rowland v. Mayor, 83 N. Y. 372. He claims that he is irremovable except on charges and after a hearing because he is a veteran fireman. But he is ineligible to the office. He does not reside in Queens county but in Nassau county. He was a resident of Queens county when appointed, but in that part of it which was afterwards set off as Nassau county, and he resides in the same place still. By section 3 of the public officers law (Heydecker's Gen. Laws, p. 451, c. 7), no person is capable of holding a local office unless he be a resident of the municipal corporation or local subdivision within which his official functions are to be exercised; and by section 20 the office becomes vacant by his ceasing to be such resident. People ex rel. Grogan v. Glass, 19 App. Div. 454, 46 N. Y. Supp. 572.

The application is denied without costs.