### WELLS v. BUSHE et al.

(Supreme Court, Special Term, New York County. May, 1909.)

1. DISMISSAL AND NONSUIT (§ 56*)—GROUNDS.

Where plaintiff, who sues as administrator, had been held to have been improperly appointed and his letters canceled, the action will be dismissed.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 125; Dec. Dig. § 56.*]

2. DISMISSAL AND NONSUIT (§ 51*)—GROUNDS.

The court has inherent power, in the absence of statute, to dismiss or perpetually stay a suit the only effect of continuing which would be to subject defendants to the annoyance, danger, and expense of protecting themselves from groundless, vexatious, and harassing litigation.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 51.*]

Action by one Wells, administrator with the will annexed of M. Amelia Bedford, deceased, against one Bushe and others. Complaint dismissed.

Wells & Snedeker, for plaintiff.
Byrne & Cutcheon, for defendants Bushe and Fiske.
Silas A. H. Dayton, for defendant F. De Witt Wells.

DOWLING, J. Plaintiff herein was appointed by the Surrogate's Court of New York County administrator with the will annexed of M. Amelia Bedford, deceased, despite the various objections filed against such appointment. An appeal was taken from the decree ordering the issuance of letters, and pending such appeal, pursuant to section 2582, Code Civ. Proc., an order was made that letters issue, notwithstanding such appeal, whereupon this action was commenced. Thereafter the Appellate Division unanimously reversed the order of appointment, sustaining the objections theretofore urged. An order was entered upon the remittitur, whereupon the letters issued to plaintiff were canceled. Defendants now move to dismiss the complaint herein and for judgment, with costs.

It seems to me the motion must be granted. There is no such party in existence as the plaintiff in this action. The only effect of continuing the suit will be to subject the defendants to the annoyance, danger, and expense of protecting themselves from groundless, vexatious, and harassing litigation. That the court possesses the inherent power, in the absence of statute, to dismiss or perpetually stay such suits, has been held in Stewart v. Butler, 27 Misc. Rep. 708, 59 N. Y. Supp. 573. This is peculiarly the case where concededly the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff has no existence. As was said in Town of Watervliet v. Town of Colonie, 27 App. Div. 394, 50 N. Y. Supp. 487:

"We think the defendants should be permitted to show, if they can, before they are forced to a trial, that they have no adversary, for, if they have none, if the name that stands in the place of a plaintiff is not of an existent entity, and whatever judgment might be rendered would be void, then the defendants are trifled with, the court imposed upon, since there can be no real litigation and no real judgment except between adversary parties. 'Ex nihilo, nihil fit.'"

Motion granted, with costs to date, and with $10 motion costs. Settle order on notice.