## ADLER v. JENKINS.

No. 2898. Opinion Filed May 14, 1912.

(124 Pac. 29.)

1. **MUNICIPAL CORPORATIONS—Charter—Validity.** Same as paragraph 1 of syllabus in **Mitchell v. Carter,** 31 Okla. 592, 122 Pac. 691.

2. **MANDAMUS—Proceedings—Scope of Relief.** Same as paragraph 1a of syllabus in **Mitchell v. Carter,** 31 Okla. 592, 122 Pac. 691.

3. **MUNICIPAL CORPORATIONS — Charter — Construction.** The charter adopted by virtue of the powers of article 18 of the Constitution of this state, having authorized the mayor to appoint a city treasurer, subject to confirmation by the majority vote of the commissioners in open session, and further providing that the commissioner elected as the head of each department of such charter government should, within fifteen days after his qualification, submit to the board of commissioners nominations for each of the offices under his department, **held,** that it was the intention of such charter to abolish the office of city treasurer under the old municipal charter, and to re-create the office under the new charter as an appointive office.

(Syllabus by the Court.)

Hayes and Kane, JJ., dissenting.

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Felix Adler for mandamus to Tom Jenkins. Judgment for defendant, and plaintiff brings error. Affirmed.

*James Hepburn, W. H. Chappell,* and *Devereux & Hildreth,* for plaintiff in error.

*Burford & Burford,* for defendant in error.

WILLIAMS, J. Plaintiff in error seeks in this proceeding to have determined: (1) The legality of the election for the adoption of the charter of the city of Guthrie; (2) the validity of the election held by virtue of the terms of said charter for the election of municipal officers; and (3) that the mayor of said municipality under the charter form of government has no authority

to appoint a successor to the plaintiff in error until after the expiration of the term of office to which he had been elected, and for that reason there was no vacancy in the office of city treasurer at the time the defendant in error was appointed thereto.

The first two questions have been determined adversely to the contention of the plaintiff in error, in *Mitchell v. Carter*, 31 Okla. 592, 122 Pac. 691.

As to the third question, in *Lackey v. State*, 29 Okla. 255, 116 Pac. 913, it was held that:

"Wherever a freeholders' charter has been adopted under the provisions of the Constitution, and conflicts with any law of the state relating to municipal matters of cities of the first class, the provisions of such charter shall prevail."

In *Mitchell v. Carter, supra,* following *Lackey v. State, supra,* this court said that:

"Whenever any matter fell 'within the domain of municipal government' or related solely to municipal affairs, such provision of a municipal charter, adopted pursuant to the provisions of article 18 of the Constitution, superseded the general state laws."

The charter of the city of Guthrie, in defining the powers and duties of the mayor, provides:

"He is hereby authorized and empowered to appoint the following officers and appointees: City attorney, city treasurer, city assessor, city clerk, and such other appointees as the board of commissioners may deem necessary."

Section 5 of said charter provides:

"Appointment of all officers herein provided for to be made by the mayor and commissioners shall be subject to confirmation by a majority vote of the board of commissioners in open session."

Section 10 of article 2 of the charter provides:

"The commissioner elected as the head of each of said departments shall, within fifteen days after his qualification, submit to the board of commissioners, nominations for each of the offices under his department, and should the board refuse to confirm such nomination by a majority vote, then other names shall be submitted until a selection has been determined and an appointment confirmed."

Section 3 of article 18 of the Constitution provides that:

"Upon such approval it (the charter) shall become the organic law of such city and supersede any existing charter and all amendments thereof and all ordinances inconsistent with it."

Section 645, Comp. Laws 1909, provides that upon the election to determine whether a city shall become a city of the first class, that also at the same time a city treasurer shall be elected who shall hold office until the first Tuesday in April, 1909, and until his successor is elected. By general statute of the state thereafter the term of such office is for two years.

When all the foregoing charter provisions are considered together, it is obvious that it was the intention of the electors of the city of Guthrie, in adopting the charter form of government, to completely supersede the former form of city government with all its officers, and to substitute a new form of government therefor in which the power is vested in the commissioners, and that all of the officers under the old charter were thereby legislated out of office.

The superseding of the old charter by the special charter, framed pursuant to article 18 of the Constitution, had the effect of abolishing the offices under the old charter. It is well settled that the repeal of a charter destroys all offices under it and puts an end to the functions of the incumbents. *Crook v. People,* 106 Ill. 237; *People v. Brown,* 83 Ill. 95; *Boyd v. Chambers,* 78 Ky. 140; *Watervliet v. Colonie,* 27 App. Div. 394, 50 N. Y. Supp. 487.

It follows that the judgment of the lower court must be affirmed.

TURNER, C. J., and DUNN, J., concur; HAYES and KANE, JJ., dissenting.