NETTIE S. STOEVE, Appellant, *v.* RUBY SCHINASI and Others, as Executors, etc., of LEON SCHINASI, Deceased, and Another, Respondents.

First Department, July 1, 1932.

*Maurice Rose*, for the appellant.

*George W. Whiteside* of counsel [*J. Arthur Leve* with him on the brief; *Chadbourne, Stanchfield & Levy*, attorneys], for the respondents.

MARTIN, J. The plaintiff seeks to recover damages for the alleged fraud of the defendants Ruby Schinasi and Leon Schinasi, deceased, arising out of a transaction which occurred during the pendency of an action which the plaintiff had instituted against Leon Schinasi, individually, in the Supreme Court, New York county, to recover the sum of $218,640.

The complaint herein alleges that the plaintiff agreed to give Leon Schinasi, individually, a special release of the particular matter that was the subject of that action, and that he and the defendant Ruby Schinasi obtained from the plaintiff through fraud an altogether different release.

An important feature of this litigation was before this court in another form on appeal from the Surrogate's Court and was disposed of adversely to plaintiff. (*Matter of Schinasi*, 139 Misc. 459; affd., 233 App. Div. 738; leave to appeal to the Court of Appeals denied, Id. 841.)

In the Surrogate's Court the proceeding was stated to be as follows: The petitioner's claim is breach of a contract entered into in 1908, between herself and both decedents (parents of Leon Schinasi), whereby the decedents informally adopted the petitioner as their daughter and they agreed and guaranteed that they would both bequeath to petitioner one-half of their estates, to the end that there should be an equal division between said Leon Schinasi and the petitioner. It was further alleged that said Leon Schinasi, deceased, had actual knowledge of this contract from the time of its inception and knew of petitioner's claim when letters testamentary were issued to him herein. It was then sought by the plaintiff in this action to have an administrator appointed in that proceeding so that the administrator could be made a party defendant in an action to be instituted in the Supreme Court, New York county. The relief demanded was in all respects denied.

To avoid delay, instead of attacking the complaint in this action, the defendants say they filed an answer to the complaint; that they made no preliminary motions to strike out or compel the plaintiff to amend her pleadings, which might have been done. It is contended by the defendants that because of the form of complaint and the causes of action therein contained, not separately stated,

defendants, in addition to a general denial, have set forth several defenses.

The first defense of *res adjudicata* is properly pleaded. An action similar to the one now before the court was brought in the Supreme Court. The only difference was that it alleged a contract whereby the plaintiff came to this country to take the place of the daughter of the parties and it was agreed that she was to get $16,000 a year. By the contract now sought to be enforced, it is alleged that plaintiff was to be left one-half of the estate.

The first action was settled, a release given and the complaint marked dismissed. This is a partial, if not an entire defense. It is good as a partial defense and may defeat the entire action. Even if the release should be set aside, the entry of the judgment in the prior case would be *res adjudicata* because the same cause of action was settled. There can be very little dispute about this matter.

The second defense is a release. This is a good defense. While it is true it is alleged that this release was voluntarily given and that the action seeks to set it aside, nevertheless, until set aside, the release is an absolutely good defense.

The third defense is a defense of *res adjudicata* due to the Surrogate's Court proceeding. In the Surrogate's Court the plaintiff claimed all her rights upon the theory that she had a contract with Betty Schinasi and Solomon Schinasi and that she was a creditor of the estates of Betty Schinasi and Solomon Schinasi by virtue of that contract. If that were true, she was entitled to have the relief which she prayed for in the Surrogate's Court. The surrogate in a long opinion held that there was no contract with Betty Schinasi and Solomon Schinasi, and the surrogate further held that the plaintiff was not a creditor of the estates of Betty Schinasi and Solomon Schinasi. To decide the questions involved in the litigation before the surrogate, it was necessary to pass upon the merits of the alleged contract.

The question now is, how far is a decree in the Surrogate's Court *res adjudicata?* The surrogate held in this proceeding that the plaintiff failed absolutely to submit any real or reliable proof of the claims asserted by the petitioner that a contract had been made, that she was to take her place in the decedents' household, live with decedents and thereafter be given one-half of the property. He said the plaintiff had shown no semblance of a contract and that as a matter of law she was not a creditor nor a party in interest in said estates, and that petitioner had failed absolutely to show, with any degree of probability, any prospect of success in any litigation which she might bring after the appointment of an administrator c. t. a. of decedents' estates.

There is no doubt that the surrogate had jurisdiction of the proceedings. He had to hear and determine the fact whether this woman was a creditor of the estate; whether a contract had been made and whether she had any right whatever in the estates. By the decree of the Surrogate's Court it was found that plaintiff had no rights whatever; that there never was a contract; and the surrogate dismissed her petition on the merits.

The appeal from the decree was taken to the Appellate Division and this court affirmed the Surrogate's Court, as heretofore stated.

The defendants have a right to set up the defense of *res adjudicata*. However, we are considering the sufficiency of the pleading merely. The issue must await a full hearing of the facts.

The fourth defense is the six-year Statute of Limitations. Whether this is a good defense or not depends upon the nature of the action. If the action is for fraud it may or may not be a good defense depending upon when the fraud was discovered. If the action is in equity to set aside a release, it may not be good, but when the release is set aside, it may be a good defense to a contract action.

The fifth defense is the Statute of Limitations and may or may not be good under the same circumstances. In any event the fourth and fifth defenses are properly pleaded and they may or may not be good, depending on the proof adduced on the trial. In view of the facts it is proper to plead these defenses.

The counterclaim is properly pleaded. (See *Stewart* v. *Butler*, 27 Misc. 708; *Third Ave. R. R. Co.* v. *Mayor, etc., of N. Y.*, 54 N. Y. 159; *Wells* v. *Bushe*, 118 N. Y. Supp. 486.)

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Finch, P. J., Merrell, O'Malley and Townley, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.