RE: DEL CITY CHARTER
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR A CONSTRUCTION OF THE TERMS OF THE DEL CITY CHARTER, AND WHETHER SECTION 11 OF SAME, WHICH IS NOT IN CONFORMITY WITH THE TERMS OF 11 O.S. 8-108 (1981), IS A PERMISSIBLE DEVIATION FROM STATE LAW.
AS YOU ARE AWARE, BOTH THE STATE CONSTITUTION AND STATUTES PROVIDE THAT MUNICIPALITIES OF A CERTAIN SIZE MAY ADOPT LOCAL CHARTERS WHICH ARE CONTROLLING AS TO MATTERS PECULIARLY LOCAL IN CONCERN, AND NOT OF A STATEWIDE O.S. 13-109 (1981). THE PROVISIONS THAT YOU REFER TO IN YOUR LETTER ADDRESS THE BOARD MEETING ATTENDANCE REQUIREMENTS APPLICABLE TO MEMBERS OF THE CITY COUNCIL OF DEL CITY. SECTION 11 O.S. 8-108 STATES THAT WHENEVER A MEMBER OF A LOCAL GOVERNING BOARD IS ABSENT FOR AT LEAST ONE-HALF OF THE MEETINGS OF THE BOARD DURING ANY CONSECUTIVE FOUR-MONTH PERIOD, HE OR SHE SHALL CEASE TO HOLD OFFICE. THIS PROVISION HAS BEEN RECODIFIED, BUT BASICALLY DATES BACK TO 1957. OKLA. SESS. LAWS 1957, P.45, 16; COMPARE, 11 O.S. 8-108 (1981) WITH 11 O.S. 962.11 (1971). SECTION 11 OF THE DEL CITY CHARTER RECITES THAT IF ANY OF THE MEMBERS OF THAT BOARD FAIL TO BE PRESENT AT MORE THAN ONE-HALF OF THE BOARD MEETINGS DURING ANY CONSECUTIVE SIX-MONTH PERIOD, THE PERSON SHALL CEASE TO BE A MEMBER OF THE BOARD. YOU INQUIRE IF THIS DEVIATION IS LEGITIMATE.
WHILE IT IS WELL KNOWN IN OKLAHOMA JURISPRUDENCE THAT LOCAL CHARTER PROVISIONS CONTROL OVER GENERAL STATE LAWS AS TO MATTERS PURELY OF LOCAL CONCERN, THE TEST BY WHICH SUCH DETERMINATIONS HAVE BEEN HISTORICALLY MADE HAS BEEN SOMEWHAT VAGUE. MERRILL, "CONSTITUTIONAL HOME RULE FOR CITIES OKLAHOMA VERSION", 5 OKLA. LAW REVIEW 139 (1952). HOWEVER, ONE AREA THAT IS FAIRLY WELL UNDERSTOOD IS THAT A CHARTER MUNICIPALITY DOES HAVE THE AUTHORITY TO DETERMINE THE STRUCTURE AND FORM OF ITS CITY GOVERNMENT. ID, AT P. 176. IT HAS BEEN HELD THAT HOME-RULE MUNICIPALITIES HAVE THE POWER TO REGULATE BY CHARTER PROVISION THE MANNER OF SELECTING THEIR OFFICERS AND THE TERMS OF OFFICE OF SUCH PERSONS. ADLER V. JENKINS, 124 P. 29 (OKLA. 1912). SIMILARLY, IT HAS BEEN HELD THAT THE GROUNDS AND METHODS TO BE PROVIDED FOR RECALL OF THOSE OFFICERS ARE MATTERS OF PURELY LOCAL CONCERN. CHESNEY V. JONES, 126 P. 715 (OKLA. 1912); DUNHAM V. ARDERY, 143 P. 331 (OKLA. 1914).
GIVEN THE DRIFT OF THE PAST RULINGS ON ESTABLISHING BOARD MEMBERSHIP REQUIREMENTS AND RECALL METHODS, PARTICULARLY THE DUNHAM RULING, IT IS MY OPINION THAT A CHARTER MUNICIPALITY CAN LAWFULLY DEVIATE FROM THE GENERAL PROVISIONS OF STATE LAW ON THE SUBJECT. ACCORDINGLY, THERE WOULD BE NO INFIRMITY IN THE VALIDITY OF THE LOCAL DEL CITY CHARTER PROVISION IN QUESTION.
(MICHAEL SCOTT FERN)