MAURICE H. HARTIGAN and JOSEPH E. DWYER, Individually and as Copartners Doing Business under the Firm Name and Style of HARTIGAN & DWYER, Plaintiffs, *v.* CASUALTY COMPANY OF AMERICA, Defendant.*

(Supreme Court, Albany Special Term, June, 1917.)

Appeal — to Court of Appeals — how appeal taken — judgments—insurance (casualty) — superintendent of insurance — contracts.

> Where the superintendent of insurance takes possession of the assets of a casualty company against which a judgment has been recovered in an action on an insurance contract and the order of liquidation directs him to deal with the property, contracts and rights of action of the company in his own name as superintendent of insurance, an appeal to the Court of Appeals from a unanimous affirmance by the Appellate Division of a judgment against the company must be taken and prosecuted in the name of the superintendent of insurance.

MOTION by defendant requiring plaintiffs to accept a notice of appeal to the Court of Appeals from a judgment and order of the Appellate Division.

William E. Woollard, for plaintiffs.

Moses J. Wright, for defendant.

RUDD, J.   The defendant moves for an order requiring the plaintiffs to accept a notice of appeal to the Court of Appeals from a judgment and order of the Appellate Division, Third Department, unanimously affirming a judgment of the Trial Term in an action brought upon an insurance contract in which a judgment of $1,055.43 has been recovered by the plaintiffs.

The defendant, Casualty Company of America, served upon the plaintiffs' attorney a notice of appeal,

* See 97 Misc. Rep. 464.—[REPR.

dated May 29, 1917, together with an undertaking as required by the Code, which notice and undertaking were returned by plaintiffs' attorney on the ground and for the reason that the appeal was not taken by the party in interest.

The defendant corporation after the judgment was entered became financially weakened, so that under the law the superintendent of insurance took possession of the assets of the corporation, and an order of liquidation was entered in New York county clerk's office on May 4, 1917.

In the order of liquidation thus entered Jesse S. Phillips, as superintendent of insurance, was directed to take possession of the property and liquidate the business of the Casualty Company of America, under and pursuant to section 63 of the Insurance Law, and the superintendent of insurance as such was vested with the title to all of the property, contracts and rights of action, and directed to deal with the same in his own name as superintendent of insurance.

The plaintiffs here contend that the only party authorized to take or prosecute the appeal herein is the superintendent of insurance of the state of New York.

The provision of the Insurance Law, subdivision 3 of section 63, provides that in liquidation proceedings the superintendent may deal with the property and business of a corporation in his own name as superintendent or in the name of the corporation, as the court may direct.

The plaintiffs contend that because of the limitation in the order of liquidation, directing the superintendent of insurance to deal with the same in his own name as superintendent of insurance, that only in that way, through the superintendent, or more properly speaking in his own name, can this appeal be perfected.

The defendant, Casualty Company of America, calls our attention, as an authority for the prosecution of an action either in the name of the company, or through the receiver, to the case of *People* v. *Troy Steel & Iron Company* and *Lortie* v. *Troy Steel & Iron Company,* 82 Hun, 303, in which the court said: " The receivers of a corporation can take an appeal from an order made in the action pending against the corporation at the time of their appointment either in their own names or in the name of the corporation, and such an appeal taken by them in the name of the corporation is considered the appeal of the receivers in the name of the corporation."

The reason for thus holding was that the statute expressly authorized such suits to be continued in either name.

Section 63 of the Insurance Law, above cited, gives to the superintendent of insurance power to deal with the property and business of the corporation in his own name as superintendent or in the name of the corporation, as the court may direct.

The order of liquidation in this case directs the superintendent of insurance to deal with the property, contracts and *rights of action* of the said company in his own name as superintendent of insurance.

There was evidently an intention on the part of the court making the order of liquidation that the superintendent of insurance, taking possession of the property, rights and assets of this company, should thereafter in his own name, as superintendent, conserve the property under the law — should take any proceeding to protect the interest of the company.

It must be assumed that the superintendent of insurance has taken, and will take, such steps as are necessary to protect the rights and to conserve the interests of this company.

The superintendent of insurance does not appear upon this motion nor are we advised as to why the appeal was not taken in his name as superintendent. Neither is it stated that the superintendent as such has taken the appeal in the name of the defendant.

It certainly seems as if the appeal was improperly taken.

An order may be entered denying the motion made by the defendant, with ten dollars costs.

Motion of defendant denied, with costs.