MAURICE H. HARTIGAN and JOSEPH E. DWYER, Individually and as Copartners, Doing Business under the Firm Name and Style of HARTIGAN & DWYER, Respondents, *v.* CASUALTY COMPANY OF AMERICA, Appellant.

Third Department, November 28, 1917.

**Appeal — right of judgment debtor after order of liquidation under Insurance Law to appeal to Court of Appeals in its own name.**

Where an insurance company, after the affirmance of a judgment against it, became insolvent and an order was granted pursuant to section 63 of the Insurance Law liquidating its business, it may take an appeal to the Court of Appeals in its own name, notwithstanding a provision of

the order of liquidation that " they [the superintendent and his successors] are hereby vested with title to all of the property, contracts and rights of action of the said company, and directed to deal with the same in their own name as Superintendents of Insurance."

The provision quoted from the order does not refer to court procedure in pending litigation, but to the title to the property and assets of the corporation and the management thereof.

The courts will not unduly strain the meaning of words for the purpose of defeating the right to appeal on a question of practice.

WOODWARD, J., dissented on opinion of RUDD, J., at Special Term.

APPEAL by the defendant, Casualty Company of America, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on or about the 23d day of June, 1917, denying its motion to require the respondents to accept a notice of appeal to the Court of Appeals.

*Moses J. Wright* [*Thomas J. Skelly* of counsel], for the appellant.

*William E. Woollard,* for the respondents.

COCHRANE, J.:

The plaintiffs recovered a judgment against the defendant, which on appeal to this court was affirmed. (178 App. Div. 942.) The defendant having become insolvent, an order was granted pursuant to section 63 of the Insurance Law (Consol. Laws, chap. 28 [Laws of 1909, chap. 33], added by Laws of 1909, chap. 300, as amd. by Laws of 1912, chap. 217), liquidating its business and directing the Superintendent of Insurance to take possession of its property and make such liquidation. The Superintendent of Insurance thereupon took an appeal to the Court of Appeals from the said judgment of this court. The respondents returned the notice of appeal on the ground that the appeal was erroneously taken in the name of the defendant instead of in the name of the Superintendent of Insurance. A motion was made at Special Term to require the respondents to accept such notice of appeal, and from an order denying such motion the present appeal has been taken.

The appeal was properly taken in the name of the judgment debtor. (Code Civ. Proc. § 756; *People* v. *Troy Steel & Iron Company,* 82 Hun, 303.)

The motion was denied because of the following provision

in the order of liquidation, viz.: " They [the superintendent and his successors] are hereby vested with title to all of the property, contracts and rights of action of the said company, and directed to deal with the same in their own name as Superintendents of Insurance." That provision was inserted in the order pursuant to section 63 of the Insurance Law for the purpose of facilitating the duties of the Superintendent of Insurance in the process of liquidating the affairs of the insolvent corporation. The statute is one of enlargement rather than one of restriction. It was not designed to curtail or limit the powers or rights of the Superintendent in the duties imposed upon him in his official capacity. The provision in the order above quoted does not have reference to court procedure in pending litigation, but to the title to the property and assets of the corporation and the management thereof. The direction to the Superintendent to deal in his own name is specifically limited to the " property, contracts and rights of action " of the corporation. " It has been said that a right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant." (1 Ruling Case Law, 313.) It is only by a strained construction that a judgment against a corporation can be considered as included within the expression " property, contracts and rights of action " of such corporation. The judgment which the appellant is seeking to reverse is property not of the appellant but of the respondents. And certainly it is against the policy of the courts to strain unduly the meaning of words for the purpose of defeating a right of appeal on a question of practice. Section 63 of the Insurance Law authorizes the court in its discretion to make such a provision as would require this appeal to be taken by the Superintendent of Insurance in his own name. But the order in this instance granted on application of the Superintendent most clearly did not have in view any such limitation on the method of appeal as is sought to be given it in this case. The Superintendent of Insurance in procuring that order did not intend nor did the court in granting it intend to interpose obstacles in the performance of his duties in taking such measures as he deemed wise for the best interests of the corporation.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concurred, except WOODWARD, J., dissenting on the opinion of RUDD, J., at Special Term.*

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.